## THOMAS J. FREEMAN, RECEIVER, v. D. W. FULLER.

### Decided April 6, 1910.

**1.—Negligence—Pleading—Causal Connection.**

Plaintiff alleged distinct grounds of negligence with respect to the condition of the ashpan of a locomotive and the existence of an excavation in a cinder pile by the track. The latter was followed by the words: "which negligence directly and proximately caused plaintiff's injuries." Held, that language should be taken as alleging a causal connection between all the negligent acts charged and the injury, at least in the absence of special exception.

**2.—Negligence—Sufficiency of Evidence.**

Evidence considered and held to support a finding of negligence on the part of a railway with respect to the machinery of the ashpan on its locomotive and the permitting an excavation by its track into which a fireman was thrown in attempting to work a lever connected with such machinery.

**3.—Assumed Risk—Charge Approved.**

. Instructions defining the risks incident to the employment and which the servant is held to assume, as those not attributable to the negligence of his employer, approved.

**4.—Assumed Risk—Charge Disapproved.**

Requested charge as to risks assumed by servant held properly refused because unwarranted by evidence, and incorrect in making the servant assume the risk of defects as open and apparent to him as to defendant's other agents and employes. This failed to indicate what other employes were to be made the standard of comparison. The defect might be obvious to one charged with the duty of inspection without being so to another. The true test was whether an ordinarily careful man performing the work of this servant would have discovered it.

**5.—Charge—Damages—Curing Error by Remittitur—Practice on Appeal.**

Error in an instruction permitting recovery for medical expenses incurred in the absence of proof of the reasonableness of such charges, could be cured by remittitur of all the· damages of that character proven.   Where plaintiff attempted in good faith to do so in the trial court, but the remittitur was slightly insufficient ($130 instead of $139), he could cure the error by an additional remittitur ($9) in the appellate court and in such case should not be taxed with the costs of the appeal.

**6.—Damages—Personal Injury.**

Recovery of $9,861 for personal injuries to a locomotive fireman held not to be pronounced excessive under the evidence.

Appeal from. the District Court of Travis County.   Tried below before Hon. George Calhoun.

*S. R. Fisher* and *S. W. Fisher* (*King & Morris,* of counsel), for appellant.—Error to submit an issue as to which there is not both pleading and proof.   Southern Kansas Ry. Co. v. Sage, 98 Texas, 438; Texas & P. Ry. Co. v. Wisenor, 66 Texas, 675; Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 391; Galveston, H. & S. A. Ry. Co. v. Faber, 63 Texas, 344; O'Dair v. Missouri, K. & T. Ry. Co., 14 Texas Civ. App., 539; Gulf, C. & S. F. Ry. Co. v. Vieno, 7 Texas Civ. App., 350; Cook v. Dennis, 61 Texas, 248; Hopkins Bridge Co. v. Burnett, 85 Texas, 20; Texas & P. Ry. Co. v. McCoy, 31 S. W., 304; Barton v. Stroud-Gibson Gro. Co., 40 S. W., 1051; Andrews v. Smithwick, 20 Texas, 111; Harvey v. Cummings, 68 Texas, 605; Texas & P. Ry. Co. v. Reed, 88 Texas, 439.

Assumed risk: Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72; Texas & P. Ry. Co. v. Bradford, 66 Texas, 732; Galveston, H. & S. A. Ry. Co. v. Drew, 59 Texas, 10; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Williams v. Delaware, L. & W. Ry. Co., 116 N. Y., 628; Lovejoy v. Boston & L. Ry. Co., 125 Mass., 79·; Quill v. Houston & T. C. Ry. Co., 93 Texas, 616; Missouri Pac. Ry. Co. v. Somers, 71 Texas, 700; Missouri Pac. Ry. .Co. v. Somers, 78 Texas, 439; Green v. Cross & Eddy, 79 Texas, 130; Texas & P. Ry. Co. v. French, 86 Texas, 96.

*James H. Robertson* and *Robertson & Robertson,* for appellee.—On sufficiency of the pleading and evidence: Rule 17 for District Courts; Clarendon Land Co. v. McClelland Bros., 86 Texas, 192; Pennington v. Schwartz, 70 Texas, 212; Canales v. Perez, 65 Texas, 293; International & G. N. R. Co. v. Hinzie, 82 Texas, 629.

The charge given on assumed risk was correct:   Gulf, C. & S. F. Ry. Co. v. Huyett, 99 Texas, 636; Houston & T. C. Ry. Co. v. Turner, 99 Texas, 553; Texas & N: O. Ry. Co. v. Kelly, 98 Texas, 137; St. Louis S. W. Ry. Co. v. Brisco, 100 Texas, 358.

The requested charge on assumed risk was properly refused; error to submit issue not raised by evidence: Texas & P. Ry. Co. v. Wisenor, 66 Texas, 675; Galveston, H. & S. A. Ry. Co. v. Faber, 63 Texas, 344.

Servant assumes only risks known, or such as he must necessarily have discovered in the course of .his employment:   Peck v. Peck, 99

Texas, 14; Gulf, C. & S. F. Ry. Co. v. Huyett, 99 Texas, 636; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 351; Galveston, H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 128; Missouri Pacific Ry. Co. v. Lehmberg, 75 Texas, 67; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 23.

Error to repeat instruction: Powell v. Messer, 18 ·Texas, 406; Perez v. Everett, 73 Texas, 433; Fore v. Hitson, 70 Texas, 521; Willis v. McNeill, 57 Texas, 479; Hays v. Hays, 66 Texas, 609; Pelfrey v. Texas Central Ry. Co., 31 Texas Civ. App., 552; Marx v. Elsworth, 2 Posey U. C., 287.

JENKINS, ASSOCIATE JUSTICE.—The appellee brought this suit against appellant as receiver of the International & Great Northern Railroad Company, alleging, among other things, that on about the 18th day of May, 1908, he was a fireman on a switch engine in the yards of said company in the city of Austin. That there was a pit in the track of said company into which ashes and cinders were emptied whenever the same became necessary, and out of which pit said cinders and ashes were, from time to time, thrown on the side of the track. That the cinders when so thrown upon the side of said track, and for a long time prior to said date, had been maintained in a smooth or level condition, and that it was necessary for the protection of the employes of said company that said cinders should be maintained in a level condition, without any holes or excavations therein. That shortly before said time defendant had, through some of its employes, negligently dug or excavated a hole or ditch or trench about two feet wide and about two or three feet deep on the surface of said cinders near said railroad track, into which appellee fell and was injured while in the performance of his duty in attempting to empty the ashpan of an engine into said pit. That the cause of such fall was the defective condition of the ashpan and the attachments operating the same. That the lever failed to work properly, so that it became necessary to use great force to move the same, and that in applying said force said lever gave way, causing him to fall backwards into said hole or trench. He alleges negligence on the part of appellant in permitting said excavation to be made, and in permitting said ashpan and its attachments to be out of order. He alleges ignorance of such conditions on his part, and the exercise of due care in the performance of his duties in attempting to empty said ashpan, and that he was thereby injured on the 18th day of May, 1908, describing said injuries as to their location and extent.

Appellant answered by general demurrer and general denial and a plea of contributory negligence, in that the condition of said cinders was practically the same as it had been for years, during all of which time appellee was employed in said business, and knew of the said condition, and that its condition was so open and obvious that he must have known of the same, and that he assumed whatever risk there was incident to said condition. Appellant also denies that there was any defect in said ashpan or the attachments thereof, or any difficulty in working the same, further than was incident to ashes or cinders getting in the same, which was usual, as was known to appellee and open

to his observation, and that if there was any defect in said machinery, or if any difficulty existed in working the same at the time of such injury, it was negligence in appellee not to have known or discovered the same.

Judgment was rendered for appellee for $10,000, from which appellant has appealed and assigned as errors committed in the trial of said cause the matters hereinafter discussed:

1. The first assignment of error is upon the refusal of the court to peremptorily instruct the jury to return a verdict for appellant, defendant in the court below. This special instruction was requested upon the assumption (1) that nothing is alleged in appellee's petition as to the cause of the injuries except defects in the ashpan and its attachments; and (2) that there was *no* evidence as to such defects. We do not agree with appellant in his assumption as to either the pleadings or the evidence. Appellee, after describing the hole or excavation in the cinders, and explaining how, in attempting to operate the defective attachments for cleaning the ashpan, he fell into said excavation, concludes this portion of his petition as follows: "That it was defendant's duty to maintain the surface of the ground or cinders aforesaid in a level condition, without any holes being permitted to be placed therein, in order to render it safe for petitioner to perform his said duties, and defendant was guilty of negligence in permitting said hole to be made in said place as aforesaid, which rendered the said place unsafe for petitioner to perform his said services, and defendant was also guilty of negligence in maintaining said ashpan as aforesaid, and which negligence directly and proximately caused petitioner's said injuries." The contention of appellant is that the statement, "which negligence . . . caused petitioner's said injuries," refers to the condition of the ashpan only, and not to the condition of the cinders. We doubt if this position could have been maintained even had there been a special exception directed against this portion of the petition. In the absence of such exception we think the petition should be held to include the condition of the cinder pile, as well as the condition of the ashpan, in the alleged causes of petitioner's injuries. Rule 17 for District Courts provides that, "in passing upon a general exception every reasonable intendment arising upon the pleading excepted to shall be indulged in favor of its sufficiency," by which we understand that it shall be construed to include every allegation material to plaintiff's recovery, which, by reasonable construction of the language used, it can be said the pleader intended to allege. In this case, where the appellee has so fully set out the alleged negligence of appellant as to the condition of the cinders and described the manner in which he received his injuries by reason thereof, it would require a very narrow and technical, if not an unreasonable, construction of the language used to say that he did not intend to include such condition among the causes of his injuries.

As to the other ground for this assignment of error, viz., that there was no evidence as to any defective condition of the ashpan attachments, the appellee, after stating that he had been a fireman for twenty years, and was familiar with the construction of the ashpan and its attachments, and after telling how the lever failed to work,

and that in his efforts to pull it it finally gave way suddenly and caused him to fall backwards, testified that if it had been in proper condition the lever could not have given way suddenly, but would have come over gradually. In describing the working of a model which was before him when he was testifying, he said: "This thing here caught these clamps. They are bolted on here just one way and open at this end. If the clamp had stayed in position it would not have thrown me back, but would have come away gradually. If this lever had been in the socket, and had been properly fastened, it would not have given way as it did when I applied force to it." A good deal of his testimony, not here quoted, was to the same effect. To the same effect also was the testimony of Keyes, a fireman, who was working for the I. & G. N. Railroad Company at the time of the injury, and who was familiar with this particular engine. This witness testified that the attachments of the ashpan were out of fix on the 4th and 5th of May before appellee was injured on the 18th of that month, and that he reported the same to engineers Rhodes and Moore. Moore corroborates the testimony of this witness. The testimony of Hinton, another fireman, was similar to that of Keyes, and corroborated the testimony of appellee.

2. Appellant's second, third, fourth and fifth assignments of error complain of the action of the court in submitting to the jury the issue of negligence on the part of appellant as to said cinders and ashpan attachment, for the same reason urged in his first assignment of error for peremptory instructions, viz., that the pleadings and the evidence did not warrant a charge on these issues. It was not only proper, under the pleadings and the evidence as above set forth, to submit these issues to the jury, but it would have been palpable error not to have done so. The seventh and eighth assignments raise these same issues.

3. Appellant's sixth assignment of error is as follows: "The court erred in the eleventh paragraph of its charge on the law of the case in attempting to give the law as to assumed risk, the same being an incorrect and inaccurate statement of the law." The eleventh paragraph of the charge is as follows: "You are further instructed that the plaintiff, while in the employment of defendant, assumed as matter of law all risks of injury that were ordinarily incident to the employment; and if you believe from a preponderance of the evidence that his injury (if any) resulted from or grew out of risks that were ordinarily incident to the work in which he was engaged, then your verdict should be for the defendant. By the expression 'risk ordinarily incident to the work' is meant a risk of injury that does not grow out of an act of negligence (if any) on the part of defendant or his other employes. A risk caused by an act of negligence, if any, on the part of defendant, or his other employes, would not be a risk ordinarily incident to the work in which plaintiff was engaged, unless such act of negligence (if any) had been so habitual as that plaintiff should have anticipated its probable occurrence at the time, in which case he would be held to have assumed the risk. The plaintiff also assumed all risks of injury known to him at the time or which would have been known to him in the exercise of ordinary care in the discharge of his

duties under his employment, and he can not recover for injuries (if any) resulting from risks assumed by him; and if you find that the plaintiff's injury (if any) resulted to him from risks assumed by him, then you will find for defendant."

The appellant's said assignment of error does not attempt to point out wherein this paragraph of the charge is "an incorrect and inaccurate statement of the law," and we do not think it is subject to this criticism. Gulf, C. & S. F. Ry. Co. v. Huyett, 99 Texas, 636; Houston & T. C. Ry. Co. v. Turner, 99 Texas, 553; Bonnett v. Galveston, H. & S. A. Ry. Co., 89 Texas, 75; Peck v. Peck, 99 Texas, 14; Missouri Pac. Ry. Co. v. Lehmberg, 75 Texas, 67; Galveston, H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 128, 57 S. W., 1001; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 351.

4. Appellant's ninth assignment of error relates to the refusal of the court to give special instruction No. 10 requested by appellant. Said special charge, after a brief but correct statement of the law as to assumed risks, which is fully covered in the eleventh paragraph of the charge given, instructs the jury to find for the defendant (1) if the difficulty in opening the ashpan was due to the presence of clinkers or cinders in the slides thereof, or was due to said ashpan being full of cinders or ashes; (2) "if the condition of defendant's cinder pile was such as was usual or ordinary, and that its condition was as open and apparent to plaintiff as to defendant's other agents and employes."

We hold that it was not error to refuse this charge because there was no evidence tending to show that there were clinkers or cinders in the slides; on the contrary, appellee testified that he looked to see if such was the case, and that there were none. There was no evidence as to whether or not the pan was full of ashes, but the uncontradicted evidence was that, if such was the case, while it might make the lever harder to move, it could not have contributed to the injury, because in such case the lever would move gradually, if the attachments were in proper working order. As to the condition of the cinder pile being as open and apparent to appellee as to appellant's other agents or employes, there is nothing in the requested charge to indicate how apparent it should have been to such others in order to preclude a recovery by appellee. Nor does it indicate what agents or employes are to be made the standard of comparison. The condition of said cinder pile might have been quite apparent to one whose duty it was to inspect the same, and who had made such inspection, and yet not at all apparent to appellant's station agent. The test of assumed risk is whether the employe actually knew of the danger in time to avoid the same, and, if not, whether an ordinarily careful man in performing his work would have discovered the dangerous condition, and as an ordinarily prudent man have anticipated the peril. This was fairly submitted to the jury in the charge of the court.

5. Appellant complains of the charge of the court in submitting, among other elements of damage, the reasonable value or surgical and hospital treatment rendered necessary by reason of appellee's injuries. The ground of said objection is that there is no proof that such charges were reasonable. The undisputed evidence is, that appellee

paid Dr. Granberry, appellant's surgeon, $100 for performing an operation upon him, rendered necessary by reason of the injuries complained of, and that he paid hospital fees while being treated for such injuries, in the sum of $39, but no one testified as to the reasonableness of said charges. This being called to the attention of the appellee by the motion for a new trial, he attempted to remit said fees, but, by mistake, remitted only $130, instead of $139, and he has offered in this court to remit the additional $9 should this court hold that the judgment as it now stands is not supported by the evidence. As an original proposition, the writer would be inclined to hold that the payment of fees charged by a reputable surgeon and by a hospital is some evidence of the reasonableness of said fees in the absence of any evidence to the contrary; but as it has been held that the reasonableness of such fees must be proven, and as this is the better practice, we accept the proposition of appellee to remit the amount of $9, and affirm the judgment herein for the sum of $9,861, the same being the amount of the judgment of the court below, less the sum of $139. As it is apparent that appellee in good faith attempted in the court below to remit the full amount of said surgeon's and hospital fees, and as said sum of $9, accidentally omitted in his remittitur, so far as the necessity of an appeal in this case is concerned, may properly be treated as coming within the maxim *de minimis non curat lex,* we will not tax any of the costs of this appeal against the appellee.

6. Appellant complains that the verdict is excessive. It may be; but, under the evidence, we can not so hold as a matter of law. If appellee's evidence as to the extent and permanency of injuries be true, taking into consideration his age and previous earning capacity, it is sufficient to sustain the judgment.

Finding no error in the record except as to medical and hospital fees, we affirm the judgment of the lower court as herein reformed.

*Reformed and affirmed.*

Writ of error refused.