## E. JERNIGAN v. HOUSTON ICE AND BREWING COMPANY. .

### Decided November 13, 1903.

**1.—Damages—Evidence.**

Petition in an action for damages for personal injuries specifically alleged the defects in the appliances from which the accident causing the injuries resulted. Held, that the trial court properly held the plaintiff to proof of the defects specifically alleged, and properly excluded evidence as to others.

**2.—Negligence—Practice—Evidence.**

See the opinion for the substance of proof held to raise the issue of negligence on the part of the defendant company, wherefore the court erred in directing a verdict in favor of the defendant.

**3.—Same.**

An issue depending upon a conflict of evidence can not be withdrawn from the jury by the court.

Appeal from the County Court of Harris. Tried below before Hon. Blake Dupree, County Judge.

*Byers & Byers,* for appellant.

*Baker, Botts, Baker & Lovett,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit by appellant to recover damages from appellee for personal injuries alleged to have been caused by appellee's negligence.

The petition alleges, in substance, that appellant while in the employment of appellee, and in the proper discharge of the duties of his employment, was injured by the falling of a heavy piece. of iron which appellant and other employes of appellee were engaged in moving under the direction and supervision of appellee's president, and the foreman in charge of the work, and that said injury was due to the negligence of appellee in failing to furnish appellant with reasonably safe appliances with which to perform his work. The allegations of the petition in respect to the defect in the appliances are as follows:

"That a heavy piece of iron was being hoisted by means of a chain and block and tackle, and the chain or hook by means of which the iron was lifted gave way and broke; that plaintiff was ignorant of the fact that the chain or hook attached thereto was insufficient to support the weight. That the chain or hook was not of sufficient strength to support the strain upon it when the attempt was made to hoist the heavy piece of iron."

The appellee's answer contains a general demurrer and general denial, and special pleas setting up the defenses of contributory negligence, assumed risk, unavoidable accident and hidden defect, and further pleaded that at the time appellant was injured he was not in appellee's employment, but in that of an independent contractor who had a contract with appellee to remove an old ice plant from appellee's premises.

The cause was tried by a jury in the court below, and under peremptory instructions from the court a verdict was returned in favor of the defendant and judgment was rendered accordingly.

The evidence as to the manner in which appellant's injury was caused was undisputed, and is, in substance, as follows: Appellant and others were engaged in moving an iron tank from a building owned by appellee. The tank was removed by sections, and as each section was loosened from its fastening it was caught by a hook suspended by a chain from a pulley by means of which it was hoisted from its position. The hook was attached to the section of the tank that was being raised by placing it in one of the rivet holes in said section. While engaged in raising one of these sections, which weighed about 1500 pounds, the hook by which it was being raised broke, and the heavy iron section fell upon appellant and injured him as alleged in his petition. This hook and the other appliances mentioned belonged to appellee, and had been used about the premises for some time for hoisting machinery and other heavy articles. The hook was an inch in diameter and according to expert testimony should have sustained a weight of 6000 pounds. It had been examined for defects three or four weeks before the accident, and then appeared to be in good condition. After its examination it had been frequently used to hoist heavy articles and a few days before it broke it had sustained a weight of 4000 pounds.

The work in the prosecution of which appellant was injured was being done under the direct supervision of Peter Murphy, but the president of appellee company was present and gave directions at various times while the work was in progress. Several witnesses testified that Murphy was appellee's foreman, and was in charge of the work as such. The work of removing the tank had been in progress for some time previous to the day on which appellant was injured, and all of the persons employed in the work had been paid by appellee. Murphy testified that he had an oral contract with appellee to remove an old ice plant, of which this tank was a part, from appellee's building; that he took the contract to remove the plant for $1000, and under said contract he was to furnish all the labor necessary for the work, and that appellant and the other laborers engaged in such work were employed by him. He admitted that the appellee had paid the wages of the laborers, but said that this was done at his request and was done because he could not keep the accounts straight. He further testified that he was not required to give any bond for the performance of the work; that he completed his contract some four months before the trial in the court below, but had not had a settlement with appellee; that appellee still owed him money on said contract, and was holding same pending the result of this suit; and that he is now selling lunches on the streets of Houston for a living.

Appellant's assignments of error, from the first to the fifth inclusive, complain of the ruling of the trial court in sustaining defendant's objection to testimony offered by plaintiff to the effect that the hook used in hoisting the section of tank which fell upon plaintiff was too large to

fit into the rivet hole in said section into which it was placed; that only the point of said hook would go into the hole and that by reason of this fact the weight of the section pulled the two ends of the hook apart and caused it to break in the center. This testimony was objected to on the ground that it varied materially from the allegations of the petition, the only allegation in the petition as to the defects in the hook being that it was of insufficient strength to sustain the weight put upon it, and this testimony was an attempt to show that the hook did not break because it was of insufficient strength, but because it was not properly inserted in the rivet hole of the iron that was being hoisted.

We think the objections to the evidence were properly sustained. The petition specifically alleged that the defect in the appliances furnished plaintiff consisted in their insufficiency in strength, and the only negligence charged was in the failure of defendant to furnish appliances of sufficient strength to sustain the weight of the iron that was being lifted. Defendant was only called upon to meet the case made by the petition and plaintiff could only recover upon proof of the negligence charged in the petition. Johnson v. Railway Co., 66 S. W. Rep., 907.

Appellant is certainly not in a position to complain of the refusal of the court to permit him to introduce this evidence, because if it be true it would not authorize a recovery under plaintiff's petition, and its only effect would be to rebut the inference that arises from the other evidence in the case that the hook was of insufficient strength as alleged in the petition.

The sixth assignment of error assails the charge of the court instructing the jury to find for the defendant.

We think this assignment should be sustained. The evidence in the case was sufficient to raise the issue of negligence on the part of appellee in failing to furnish a hook of sufficient strength to sustain the weight put upon it, and also the issue of whether appellant at the time he was injured was in the employment of appellee or of an independent contractor.

If the evidence only showed that the iron that was being hoisted fell upon appellant and injured him, it would be insufficient to raise the issue of negligence on the part of appellee, because negligence can not be inferred from the mere happening of an accident. Railway Co. v. Robinson, 73 Texas, 285. But the evidence goes further and shows that the iron fell because the hook by which it was being hoisted broke, and that a hook of the size of this one which was not defective would be capable of sustaining four times the weight of the iron that was being raised by this hook. The only inspection of the hook shown by the evidence was made three or four weeks before this accident occurred, notwithstanding it had been frequently used to lift heavy weights during the time between such inspection and the happening of the accident by which appellant was injured. From these facts we think the jury might have reasonably inferred that the hook broke because of some defect or injury which rendered it of insufficient strength to sustain the weight put upon it, and

that appellee might, by a more frequent inspection, have discovered the defect in the hook, and was guilty of negligence in failing to discover same.

As before stated the evidence is clearly conflicting on the issue of whether or not Murphy was an independent contractor, and that issue could not properly be withdrawn from the jury.

The judgment of the court below is reversed and this cause remanded for a new trial.

*Reversed and remanded.*