POPE v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS.

(Supreme Court of Texas. April 23, 1913.)

1. MASTER AND SERVANT (§ 289*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Where an employer furnished to his employés a number of chisels, an employé using one of the chisels furnished was not guilty of contributory negligence, as a matter of law, because he could have procured a safe chisel at another place, but failed to do so.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

2. MASTER AND SERVANT (§ 286*)—SAFE APPLIANCES—SIMPLE TOOLS.

Whether a chisel furnished by an employer for use in "stripping" iron is a simple tool, so as not to require the employer to inspect it, held for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

3. MASTER AND SERVANT (§ 295*)—INJURY TO SERVANT—ASSUMPTION OF RISK—INSTRUCTIONS.

Where the facts were such that an employé suing for a personal injury would ordinarily assume the risk, the court, in submitting the issue, should inform the jury that the defense would not prevail if, under the facts, a man of ordinary prudence would have continued in the use of the defective appliance causing the injury complained of.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1168–1179; Dec. Dig. § 295.*]

4. MASTER AND SERVANT (§ 204*)—INJURY TO SERVANT—ASSUMPTION OF RISK.

Under Rev. Civ. St. 1911, art. 6645, providing that assumption of risk shall not be available as a defense where a person of ordinary care would have continued in the service with a knowledge of the defect and danger, a railroad company negligently furnishing a defective appliance cannot defeat an action for injury to an employé caused thereby, on the ground of assumption of risk, unless a man of ordinary prudence would not have used the appliance.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. § 204.*]

5. NEGLIGENCE (§ 101*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—EFFECT.

Under Rev. Civ. St. 1911, art. 6649, providing that the damages sustained by a railroad employé for a personal injury shall be diminished in proportion to the amount of negligence attributable to him, a railroad company guilty of negligence in furnishing a defective appliance is liable for an injury sustained by an employé in consequence thereof; but the damages must be diminished in proportion to the amount of negligence attributable to him.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 85, 163, 164; Dec. Dig. § 101.*]

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by J. A. Pope against the St. Louis Southwestern Railway Company of Texas. There was a judgment for defendant, and plaintiff brings error. Reversed and remanded.

See, also, 135 S. W. 1066.

Johnson & Edwards, of Tyler, for plaintiff in error. E. B. Perkins, of Dallas, and Marsh & McIlwaine, of Tyler, for defendant in error.

BROWN, C. J. In the year 1909 the plaintiff was in the employ of the defendant, a member of what was known as the "scrap gang," and a part of his duty was to "strip" iron, which was done by using an iron chisel with a handle to it, and a hammer. The defendant company furnished a number of chisels in a box to which the employés would resort to select a chisel, when needed, from those placed therein by the company for use by the "scrap gang." On the 3d day of September, 1909, Pope was engaged in the yards at Tyler, Tex., "stripping" iron, which was done by two men. Pope was wielding the hammer, while Maddox held the chisel in place. The head of the chisel was battered, so that a sliver flew off and struck Pope in the eye, destroying the sight. Pope selected the chisel from the box and saw that the head of it was battered, but it was the best in the box, and he thought he could use it safely. There were other places where Pope could have secured a better chisel if he had applied for it. We will assume that he knew that he could have secured a safe chisel, although the evidence is not clear on that point. This statement is sufficient for the disposition of the case.

The court charged the jury as follows: "You are charged that, although you may believe from the evidence that there were no reasonably safe chisels in the tool box at the time plaintiff selected the chisel that he was working with when injured, yet if you believe that plaintiff could have procured a reasonably safe chisel at the blacksmith shop of his own accord, or could have procured a reasonably safe chisel from the storeroom on the requistion of the fireman, and that plaintiff knew, or by the exercise of ordinary care in the performance of his work must necessarily have known, that he could have procured such chisel at the blacksmith shop or from the storeroom, as hereinbefore stated, then it will be your duty to return a verdict for the defendant in this case."

The undisputed evidence in this case shows that the chisel which plaintiff used was defective in the condition of its head, being battered, and that the defendant in error placed that chisel, with many others, in a box to which the "scrap gang" would resort when a chisel was needed. Pope went to the box and selected that one used. The injury was caused by a sliver which, under the blows of the hammer, flew off the battered head and struck plaintiff's eye.

Two questions, when correctly answered, determine the rights and liabilities of the parties: (1) Was the defendant guilty of

negligence in furnishing to its employés the chisel in its battered condition and in the manner it did by placing it in the box containing other chisels for the employés to select from? If not, the case must fail. If defendant was negligent, then these questions arise: (1) Did Pope use ordinary care in selecting the chisel from the box; and (2) would a man of ordinary prudence, under all the circumstances, have used the chisel in its then condition? If either question be answered in the negative, the plaintiff cannot recover. Each of the questions stated above were issues of fact to be submitted to the jury, which the trial court did not do.

[1] The charge assumed that it was the duty of Pope to resort to other places in order to secure a suitable tool. The fact that Pope might have procured a safe tool at another place might be an important fact for the jury in deciding the question of his negligence in taking that one he did select. But it was not negligence, as a matter of law, that he did not apply at other places.

[2] We deem it proper here to say that in the case of G., C. & S. F. R. Co. v. Larkin, 98 Tex. 225, 82 S. W. 1026, 1 L. R. A. (N. S.) 944, the only question was whether a lantern was such a simple instrument, as a matter of law, that the company was not required to inspect it. Due care had been exercised in selecting it, and this court held that the railroad company had discharged its duty. The difference in the effect of the use of a lantern and the use of such instrument as a chisel for cutting iron or steel is a matter of common knowledge, and requires a court, in the discharge of its duty, to place them in different classes. The lantern may well be denominated simple, within the meaning of the law, and the chisel may or may not be simple; therefore it may be a question of fact for the jury, or of law to be decided by the court. The character of the chisel used in this case was a question of fact for the jury. Johnson v. M. P. Ry. Co., 96 Mo. 340, 9 S. W. 790, 9 Am. St. Rep. 351. We refer to the elaborate note to Vanderpool v. Partridge, 13 L. R. A. (N. S.) 668.

[3] In the charge given to the jury the trial court assumed that, as a matter of law, it was the duty of Pope to resort to the shop and to the store to procure a suitable chisel, and that failing to do so he assumed the risk of using the one chosen by him. This was error. The question should have been submitted to the jury whether the circumstances showed that plaintiff was guilty of negligence which cast the risk upon him.

If the facts were such that the plaintiff would ordinarily assume the risk of using the defective chisel, then the court, in submitting that issue to the jury, should have informed them that the defense would not prevail if, under the facts, a man of ordinary prudence would have continued in the use of the tool.

[4, 5] Article 6645, Rev. Stats. 1911, reads: "Second. Where a person of ordinary care would have continued in the service with the knowledge of the defect and danger, and in such case it shall not be necessary that the servant or employé give notice of the defect as provided in subdivision one of this article."

If the facts shall show that the railroad company was negligent in furnishing the chisel, therefore liable for the injury, and that Pope was guilty of negligence which contributed to the injury, the plaintiff would nevertheless be entitled to recover his damages; "but the damages shall be diminished by the jury in proportion to the amount of negligence attributable" to Pope. Article 6649, Rev. Stats. 1911.

If the railroad company was negligent, so as to make it liable, it cannot escape liability under the law because of the negligence of plaintiff, but can have the damages reduced; nor will the assumption of the risk by Pope defeat the action if it appear that a man of ordinary prudence would have used the chisel.

For the error in the charge given by the trial court, the judgments of the Court of Civil Appeals and of the district court are reversed, and the cause remanded to the district court of Smith county for trial. It is further ordered that the defendant in error pay the costs of this court and of the Court of Civil Appeals.