## J. H. W. STEELE CO. v. DOVER. (No. 5279.)

(Court of Civil Appeals of Texas. San Antonio. May 27, 1914. On Motion for Rehearing, Oct. 21, 1914. Rehearing Denied Nov. 18, 1914.)

1. APPEAL AND ERROR (§ 273*)—ASSIGNMENT OF ERROR—EXCEPTION BELOW—SUFFICIENCY.

An exception complaining that an instruction on the duty of the master to exercise ordinary care to furnish a servant reasonably safe tools and appliances, and to keep them in a reasonably safe condition, "does not charge the law as applicable to the facts shown by the testimony in this case" is too general to sustain an assignment of error based thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1590, 1606, 1620–1623, 1625–1630, 1764; Dec. Dig. § 273.*]

2. APPEAL AND ERROR (§ 232*)—ASSIGNMENT OF ERROR—EXCEPTION TO INSTRUCTIONS.

An assignment of error, complaining of an instruction on a ground not presented below, could not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1351, 1368, 1426, 1430, 1431; Dec. Dig. § 232.*]

3. TRIAL (§ 296*)—INSTRUCTIONS—CONSTRUCTION—"SIMPLE TOOL."

In an employé's action for injuries due to defective tongs an instruction placing on defendant the burden of inspecting the tongs, weighing 35 pounds, and used to lift rails weighing 900 pounds, from a ship, before furnishing them to employés, and of making such further inspection thereafter as would be required in the exercise of ordinary care, was not erroneous, especially where the question whether the tongs were a simple tool was submitted in another instruction, and it clearly appeared that the tongs were not a simple tool, as a matter of law.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*

For other definitions see Words and Phrases, Second Series, Simple Tool.]

4. MASTER AND SERVANT (§ 291*)—INJURIES TO SERVANT—FAILURE TO INSPECT.

Where, in a foreman's action for injuries due to defective tongs used in unloading steel rails from a ship, there was evidence that an inspection made after the tongs had been in use would have disclosed the defect, it was not error to give an instruction authorizing a recovery because of defendant's failure to inspect the tongs, though they became defective while the work was being done.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1146; Dec. Dig. § 291.*]

---

**5. TRIAL (§ 296*)—INSTRUCTIONS—CONSTRUCTION.**

In an action for injuries to a foreman due to defective tongs used in unloading steel rails from a ship, an instruction that plaintiff was chargeable with notice of such defects as "in the ordinary discharge of his duties must have come to his knowledge" was not objectionable as requiring actual knowledge, where the court further charged that he was chargeable with notice of defects "which were obvious and open to him in the doing of his work, which ordinarily prudent persons would have learned under like circumstances."

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

**6. APPEAL AND ERROR (§ 263*)—ASSIGNMENT OF ERROR—EXCEPTION BELOW.**

An assignment of error complaining of an instruction not excepted to below, cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

**7. MASTER AND SERVANT (§ 293*)—INJURIES TO SERVANT—REFUSAL OF INSTRUCTIONS.**

In an employé's action for injuries due to defective tongs used in unloading steel rails from a ship, an instruction calculated to mislead the jury into believing that plaintiff could not recover if the tongs became defective during the three days that the ship was being unloaded, being erroneous in that it ignored the question whether it was defendant's duty in the exercise of ordinary care to inspect the tools during such time, was properly refused.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1148–1156, 1158–1160; Dec. Dig. § 293.*]

**8. TRIAL (§ 260*)—RIGHT TO SPECIAL INSTRUCTIONS.**

The defendant, in a negligence case, may demand a special charge grouping the specific facts on which he relies, although the court has made a general and abstractly correct presentation of such issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

**9. TRIAL (§ 260*)—REFUSAL OF INSTRUCTIONS COVERED.**

In a foreman's action for injuries due to defective tongs used in unloading steel rails from a ship, a requested instruction that plaintiff could not recover if he knew of the defects, or if a person of ordinary prudence could have discovered same, being covered by an instruction that plaintiff could not recover if the defects were known to him, or must necessarily have come to his knowledge, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

**10. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.**

Error, if any, in admitting certain testimony over objection was harmless, where practically the same testimony was admitted without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

On Motion for Rehearing.

**11. APPEAL AND ERROR (§ 274*)—EXCEPTION TO INSTRUCTIONS—SUFFICIENCY.**

An exception complaining that an instruction that the plaintiff could not recover by reason of the defects in the tools furnished him, if, by ordinary care, he could have discovered the defects, but that he must be held to have as-sumed the risks, was erroneous for failure to charge the law on "assumed risk as developed by the evidence, as fully appears from special charges requested by defendant," was insufficient to present an objection that the court failed to more specifically instruct on plaintiff's duty to inspect the tools, and on the issue of assumed risk.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1591, 1592, 1605–1607, 1624, 1631–1645; Dec. Dig. § 274.*]

**12. APPEAL AND ERROR (§ 1171*)—DECISION ON APPEAL—MISCONDUCT OF JURY—EXCESSIVE RECOVERY—REMITTITUR.**

Where it appears on appeal that the verdict though for the proper party, is excessive by reason of consideration given by the jury to matters improper to consider, the appellate court will reverse the judgment, unless a remittitur be entered in such amount as will cure the harm.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4546–4554; Dec. Dig. § 1171.*]

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Action by M. F. Dover against the J. H. W. Steele Company. From judgment for plaintiff, defendant appeals. Affirmed conditionally on rehearing.

Baker, Botts, Parker & Garwood, of Houston, John L. Darrouzet, of Galveston, John T. Garrison, of Houston, and Terry, Cavin & Mills, of Galveston, for appellant. Barkley & Green, of Houston, and Marsene Johnson, of Galveston, for appellee.

MOURSUND, J. Appellee sued appellant to recover damages in the sum of $40,000 for injuries sustained on or about February 20, 1912, alleging that such injuries were proximately caused by negligence of appellant in furnishing defective tools to work with and an unsafe place to work, and in failing to inspect the tools with which plaintiff worked, and that while plaintiff, as foreman in charge of a gang of men, was unloading steel rails from a ship, the hooks or tongs that were used in unloading said rails were worn, and the handle sprung, and were weak, defective, and worn slick. Appellant answered by general denial, pleas of assumed risk, and contributory negligence. The case went to trial on July 2, 1913, and resulted in a verdict and judgment for plaintiff for $20,000.

[1] By the fifth assignment complaint is made of the following portion of the charge:

"It is the duty of the master to exercise ordinary care to furnish the servant reasonably safe tools and appliances with which to perform the duties assigned to him, and with which he is called upon to work. It is also the duty of the master to use ordinary care to see that such tools and appliances are kept in a reasonably safe condition. The servant has a right to rely upon the assumption that the tools and appliances with which he is called upon to work are reasonably safe, and he is not required to use ordinary care to see whether this has been done or not."

One objection made by appellant is that such charge imposes too great a burden up-

on the master in that it requires of him the exercise of ordinary care to see that tools and appliances are kept in a reasonably safe condition, thus imposing upon the master the duty of inspection as to common tools and appliances. Another is that it instructs the jury that Dover, though a foreman or vice principal, was not under obligations to inspect any character of tool furnished. Appellant excepted to the paragraph containing said portion of the charge, but only upon the ground that "it does not charge the law as applicable to the facts shown by the testimony in this case." Such exception was entirely too general, and cannot be held sufficient to sustain an assignment of error based thereon. The assignment is therefore overruled.

[2] The sixth assignment also complains of paragraph 3 of the charge on the ground that a portion thereof is upon the weight of the evidence, and that it leaves it to the jury to determine what the master's duties are. The charge was not excepted to upon the grounds urged, and therefore the assignment is overruled.

[3, 4] By the seventh assignment complaint is made of paragraph 10 of the charge. The first proposition reads as follows:

"This charge is erroneous in that it submits for the determination of the jury the question whether or not the tongs were generally defective, and not reasonably safe for the use in the manner and for the purpose for which they were designed or intended; the plaintiff having pleaded specially that the defect in the tongs, if any, was by reason of the fact that the tongs were worn slick and the handle sprung."

Appellant has not set out, in the statements under assignments questioning the correctness of the charge, the exceptions filed thereto in the lower court, upon which the assignments are respectively based. We have examined the exceptions contained in the transcript, but find none raising this objection, although three separate exceptions are directed at paragraph 10.

The second proposition reads as follows:

"Said charge is erroneous in that it instructs the jury that it was the duty of appellant absolutely to furnish their foreman, appellee, with tongs that were reasonably safe, regardless of the fact that the tongs so furnished was a common tool; the fitness of same could be as readily ascertained by the appellee as by the appellant."

This objection was presented by an exception to the charge, and therefore will be considered. The charge, in addition to other matters, required a finding that the defendant knew of the condition of the tongs, or by the exercise of ordinary care would have known thereof, before the injury, and failed to furnish plaintiff with tongs that were reasonably safe for use in the service for which they were intended to be used. Such charge imposes the burden upon defendant of inspecting the tongs when first furnished to the employés, and making such further inspection, while they were being used, as would be required in the exercise of

ordinary care. Appellant's contention, as enunciated in the above proposition, is that the tongs was a common tool, the fitness of which could be as readily ascertained by plaintiff as by defendant. But the question was submitted to the jury, in another paragraph of the charge, whether the tongs was a simple tool, and there can be no doubt that, under the authorities, it cannot be said, as a matter of law, that tongs weighing 35 pounds, and used for the purpose of clamping and holding steel rails, weighing about 900 pounds, while same are lifted from the hold of a ship and unloaded, is a simple tool which a man of ordinary prudence would not inspect as a precaution against injury to the servant. Pope v. Railway (Sup.) 155 S. W. 1175; Drake v. San Antonio & Aransas Pass Ry. Co., 99 Tex. 240, 89 S. W. 407; G., H. & S. A. Ry. v. Cherry, 44 Tex. Civ. App. 344, 98 S. W. 898; St. Louis & S. W. Ry. v. Schuler, 46 Tex. Civ. App. 356, 102 S. W. 783; H. & T. C. Ry. v. Patrick, 50 Tex. Civ. App. 491, 109 S. W. 1100; Freeman v. Starr, 138 S. W. 1152; Buchanan & Gilder v. Blanchard, 127 S. W. 1153. We think, however, that, regardless of the charge directly submitting the issue whether the tongs was a simple tool, the charge attacked by this assignment was in itself strictly in accord with the decision in the Drake Case, above cited.

The third proposition is lengthy, and the latter portion seems to convey just the opposite meaning to that intended, but we construe it as a contention in substance that the charge is erroneous in permitting a recovery if the tongs became defective while the work was being done. The frequency of inspection required depends upon the nature of the tool and the purpose for which it is used, and the jury was authorized to find, from the evidence in this case, that an inspection should have been made after the tongs had been in use, and that such an inspection would have disclosed the defect. Jernigan v. Houston Ice & B. Co., 33 Tex. Civ. App. 501, 77 S. W. 260; Labatt, Master & Servant (2d Ed.) §§ 1056 and 1060.

[5] The eighth assignment complains of the following portion of the charge:

"If you believe from the evidence that the hooks or tongs attached to the rail that fell were worn slick, or the handles sprung, and were thereby defective and insufficient to hold such rail, and you further believe from the evidence that such defective condition, if any existed, was known to the plaintiff, or in the ordinary discharge of his duties must necessarily have come to his knowledge."

In support of the contention that said charge places too great a burden upon appellant, we are cited to the case of Industrial Cotton Oil Co. v. Lial, 164 S. W. 40, in which a similar charge was criticized by this court, in view of another trial; the case being reversed upon other grounds. In the case of Railway v. Adams, 121 S. W. 876, a similar charge was held not subject to the objection made in this case, and a writ of error was

refused by the Supreme Court. It does not necessarily follow that the charge approved by the Supreme Court nor the holding that it did not place too great a burden upon the appellant, for we think the Supreme Court might well have refused the writ on the ground that the charge stated a correct proposition of law in directing a finding for defendant, if the jury found the facts mentioned, and therefore was not affirmatively erroneous. Parks v. Traction Co., 100 Tex. 224, 94 S. W. 331, 98 S. W. 1100; Railway v. Lester, 99 Tex. 220, 89 S. W. 752. We still think the expression, "Or in the ordinary discharge of his duties must necessarily have come to his knowledge," is justly subject to criticism on the ground that such a finding would be equivalent to finding the existence of actual knowledge. The test is, not what knowledge the servant necessarily acquired, but that which an ordinarily prudent man, under like circumstances, would have acquired. In the case of Adams v. Railway, 101 Tex. 5, 102 S. W. 906, the court said:

"We think he does assume the risk of such defects as fall under his observation, and of such patent defects as a man of ordinary capacity and prudence would necessarily observe in them, and in using them to do his work."

In the case of Peck v. Peck, 99 Tex. 10, 87 S. W. 248, Justice Williams, after quoting from the Hannig Case, 91 Tex. 347, 43 S. W. 508, said:

"If this needed any elaboration, it was furnished by the reference to the cases cited in that opinion, from which is seen that a servant must be treated as having 'necessarily acquired knowledge' of those dangers, although arising from the negligence of the master, which were obvious and open to him in the doing of his work, which, in other words, ordinarily prudent persons would have learned under like circumstances in rendering the same service."

In the same case attention is called to the fact that charges are frequently so drawn as to "run the risk of misleading juries, on the one hand, into imposing upon the servant the duty of the master, or, on the other, into exempting the servant, in doing his work, from the observance of that care which every man is expected to use in looking out for his safety." We think it would be better to state the rule accurately in the charge, by informing the jury that the servant's responsibility is to be tested by what "ordinarily prudent persons would have learned under like circumstances in rendering the same services." But, returning to the question presented by this assignment, our attention is directed to the fact that the language objected to by appellant is only a part of the charge on assumed risk. The charge reads further:

"Or which were obvious and open to him in the doing of his work, or which an ordinarily prudent person would have learned under like circumstances in rendering the same services."

Thus it is seen that appellant firm received the benefit of a charge such as it now contends should have been given in lieu of the portion objected to. The assignment is overruled.

[6] The ninth assignment, although presenting an error, must be overruled because the paragraph of the charge therein attacked was not excepted to upon the trial.

The tenth and fourteenth assignments are overruled for the reasons given in overruling the fifth assignment.

The eleventh assignment is overruled because the special charge requested by appellant submitted an issue covered by paragraph 12 of the charge.

[7] The twelfth assignment is overruled. The special charge was apt to mislead the jury into believing that if the tongs became defective during the time the ship was being unloaded, viz., about three days, then plaintiff could not recover. Such a rule would leave out of consideration the question whether, in the exercise of ordinary care, it was the duty of appellant to inspect the tools at certain intervals during said time.

The thirteenth assignment is overruled.

[8] The fifteenth and sixteenth assignments complain of the failure to give special charges, each of which would have submitted the issue of whether it was the duty of plaintiff to inspect the tools and appliances used in unloading the rails from the ship; the facts relied upon by defendant to show a defense being grouped in each of said charges. Appellee does not contend that either of these special charges was erroneous, but answers by counter proposition to the effect that the issue was directly and pertinently submitted by the court. Paragraph 12 of the court's charge reads as follows:

"If you believe from the evidence that the hooks or tongs attached to the rail that fell were worn slick, or the handles sprung, and were thereby defective and insufficient to hold such rails, and if you further believe from the evidence that such defective condition, if any existed, was known to the plaintiff, or in the ordinary discharge of his duties must necessarily have come to his own knowledge, or which were obvious and open to him in the doing of his work, or which an ordinarily prudent person would have learned under like circumstances in rendering the same services, or if you believe from the evidence that, under the terms and nature of plaintiff's employment, it was his duty to inspect the tools and appliances with which he is called upon to work, and if you believe from the evidence that if plaintiff, in the exercise of ordinary care, could have discovered the defect, if any, alleged by plaintiff in said hooks or tongs, and as hereinbefore submitted, then, in such event, the plaintiff will be held to have assumed the risk, and your verdict must be for the defendant."

The matter of duty to inspect is also mentioned in an abstract charge on the respective duties of master and servant; the statement being there made that the servant does not assume the risk arising from the failure of the master to do his duty, unless, by the terms and nature of the servant's employment, it is made the duty of such servant to inspect the tools with which he is called upon to work. It is well settled that the de-

fendant has the right to demand the giving of a special charge grouping the specific facts upon which he relies for a verdict in his favor, and that a general presentation of such issues by the court in the face of such a special charge, although abstractly correct, will not suffice. Southern Construction Co. v. Hinkle, 89 S. W. 309; Railway v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Railway v. Mangham, 95 Tex. 413, 67 S. W. 765. As there was direct evidence pro and con on the issue whether it was plaintiff's duty to inspect, appellant contends that the charge given by the court, above copied, did not submit the real issue; that it only submitted the issue whether, under the terms and nature of plaintiff's employment, it was his duty to inspect; and that there was no evidence with regard to the terms of his employment. In order to find for defendant under the court's charge, the jury must find that under the terms of plaintiff's employment, and on account of the nature thereof, it was his duty to inspect the tools, and that, in the exercise of ordinary care, plaintiff could have discovered the defect alleged by him to have existed. The charge is rather involved and does not present clearly and fairly the defense urged by defendant. We therefore conclude that one of the special charges, preferably No. 10, should have been given. Assignments 15 and 16 are sustained.

[9] We are of the opinion that the issue sought to be submitted by means of special charge No. 12 was submitted by the court, and therefore assignment No. 17 is overruled. While the special charge is long, the gist of it is that plaintiff cannot recover if he knew of the defects in the tongs, or if a person of ordinary prudence would have discovered the same. Both of these matters are covered in paragraph 12, above copied.

[10] The eighteenth and nineteenth assignments are overruled. We do not think there was any error in permitting the questions, as it was a material inquiry whether the defects in the tongs pleaded by plaintiff would cause a rail to slip out, nor do we think the answers went outside of the defects alleged by plaintiff, and it further appears that practically the same testimony was admitted without objection.

Appellant, by several assignments of error, complains of misconduct of the jury. The assignment with respect to the discussion of the amount to be paid by plaintiff to his attorneys presents a very close question, and we are inclined to the view that the court should have granted a new trial upon the showing made; but, in view of the fact that the questions presented are such that they cannot arise in the same form upon another trial, we will not discuss the evidence relating thereto or pass upon said assignments of error.

Assignments 20 and 21 are overruled. In view of another trial, we will forego a discussion of the facts, and will not consider assignment No. 23, wherein the judgment is claimed to be excessive.

The judgment is reversed, and the cause remanded.

## On Motion for Rehearing.

[11] Our attention is called to the fact that the only exception made by appellant to paragraph 12 of the charge was as follows:

"Defendant excepts to paragraph 12 for the reason that the same does not charge the law raising the issue of assumed risk as developed by the evidence, as fully appears from special charges requested by defendant upon the issue."

It is contended that this exception fails to point out the defects to the charge criticized in our opinion, and therefore such defects were waived; hence that the court was not required to give either of the special charges, the refusal to give which is set up as error in assignments 15 and 16, which were sustained by us. In this connection, it further appears that, in excepting to the failure to give the special charges, no reasons are set out which would have apprised the court of appellant's theory concerning the general charge. We conclude that the objections stated by us to the general charge should have been named in the exception thereto, and, not having been mentioned, were waived, and, that being the case, the court could see no necessity for giving a special charge on assumed risk. Having prepared a charge which was only excepted to in general terms, and being left to compare it with the special charges to ascertain if in fact it was defective, he cannot be held to have erred for failing to note and correct the defects, or for refusing to give special charges which might be regarded as unduly emphasizing the defense of assumed risk.

[12] This conclusion makes it necessary for us to decide whether there was misconduct of the jury such as requires a reversal of this case. The juror Reifel testified, and it is not contradicted, that he and Cohen were about the only jurors who were in favor of a very low amount; that it was discussed in the jury room that the attorneys had a contract with the plaintiff and would get half of the amount of the verdict; that a few of them thought the attorneys had a contract with the man, and "they thought they would give the man enough to satisfy him; they thought the attorneys would get about half." This juror's testimony is not very satisfactory; in fact, it appears that he was very unwilling, or else did not understand the questions asked him. On cross-examination, being asked whether he considered any evidence at all except that admitted by the judge, he answered that he did not. Cohen was asked to state whether there was "any statement and consideration made by the jury as to the amount of attorneys' fees or if any amount awarded would have to be paid to the attorneys, to which he replied: "Yes, sir; there

was." Being asked to state what it was, he said: "Well, several jurors remarked that probably he would have to give half of it to the lawyers, and the reason for giving him so much was on that account." He was then asked: "On that account?" To which he replied: "Yes, sir." On cross-examination he testified that the jurors making the statements were just stating their opinions, and did not purport to state facts they knew. He also testified that he took an oath introduced upon the trial of the cause, and nothing influenced him, except the judge's charge and the evidence. While the juror, upon cross-examination, made the general statement that he observed his oath, which was natural, his testimony shows clearly that he was influenced by the belief that the attorneys would get half. He was one of those in favor of a very low amount; he says the reason for giving plaintiff so much was on account of such belief. Many jurors do not realize the impropriety of taking such matters into consideration, and, after doing so, do not realize that they have not tried the case upon the evidence admitted by the court. This fact makes it difficult to get a trial such as the law contemplates; hence the appellate courts have been very reluctant to deprive plaintiff of his verdict, unless it clearly appears that the amount was influenced by the discussion and consideration of 'improper matters. But when it clearly appears that matters have been considered and given weight, which, if permitted to be proved upon the trial, over objection by the other party, would reverse the case, regardless of any proof that they were given weight by the jury, there remains no alternative, except to hold that a material error has occurred. The conviction forces itself upon our minds, upon reading the testimony of these jurors, and the others, that the matter of attorneys' fees was considered by these two at least in arriving at the amount of the verdict, and that the consideration thereof caused them to agree upon the large amount awarded in this case. As was said by Chief Justice Fly in the case of Traction Co. v. Casanova, 154 S. W. 1190, in speaking of denials by jurors of being influenced by discussions of the character indulged in:

"We see no particular force in such denial, because the influence of such discussions is so subtle, and appeals to human nature so strongly, that the influence might, in some instances, be exerted without the juror being aware of it."

In this case Cohen admits that he took the probable attorneys' fees into consideration, and also that, on account thereof, they gave plaintiff so much. By the side of these admissions, his conclusion, perhaps in answer to a leading question, that he was influenced only by the evidence and charge of the court pales into significance. Our conviction from the testimony being that the misconduct of the jury was material, and that it affected the amount of the recovery, it becomes our plain duty to reverse the judgment, unless a remittitur be entered in such an amount as will cure the harm done to appellant by such misconduct.

The first assignment of error is sustained; all others are overruled.

The motion for rehearing is granted, and the judgment heretofore entered by us in this case is set aside. The judgment of the district court will be affirmed, provided a remittitur of one-half of the amount of such judgment is filed within 20 days; otherwise it will be reversed and the cause remanded.