EL PASO NORTHEASTERN RAILWAY COMPANY ET AL. V.
L. S. RYAN ET AL.

Decided May 25, 1904.

**1.—Defective Appliances—Knowledge of Defects.**

Plaintiff, a brakeman, was injured through a fall caused by the top rung of a ladder on defendant's water car pulling loose while he was attempting to lift himself thereby to the second rung, the bottom one being gone, which fact was known to plaintiff. The uprights of the ladder were old and weather-cracked and were split at the place where the top cleat was nailed. Held, that plaintiff can not be charged, as matter of law, with knowledge of the defective condition of the ladder where the accident occurred at night and plaintiff had never used the ladder before.

**2.—Requested Charge—Proximate Cause.**

A requested charge was properly refused which instructed a verdict for defendant if the jury should believe that the fact of the bottom rung of a ladder being gone was the proximate cause of plaintiff's injuries, which were received while attempting to lift himself to the second rung by grasping the top one, which pulled loose, since, although the absence of the bottom rung may have been a proximate cause of the accident, yet the proximate and responsible cause may, also, have been the defective fastening of the top rung which pulled loose.

**3.—Charge—Submitting Undisputed Fact.**

A charge submitting in issue a fact which was undisputed held not prejudicial when the charge is read as a whole.

**4.—Defective Appliances—Known and Unknown.**

Although plaintiff knew that the bottom rung of a ladder which he was attempting to ascend was gone, he could nevertheless recover for injuries caused by other defective parts, which defects was not known to him, unless it appeared that, with such knowledge of defects as he had, he acted imprudently in using the ladder.

**5.—Requested Charges—Issue Not Presented by Evidence.**

Evidence held to justify the refusal of requested charges denying plaintiff a right to recover if he was injured while performing an act not in the discharge of his duty, such issue not being presented.

Appeal from the District Court of El Paso. Tried below before Hon. J. M. Goggin.

*Clark, Hawkins & Hawkins,* for appellants.

*Patterson & Buckler,* for appellees.

JAMES, CHIEF JUSTICE.—Ryan was head brakeman on appellant's train. While ascending or attempting to ascend a ladder on a water car of a train on which he was working, the bottom rung of the ladder being gone, he caught hold of the top rung, which pulled off and he was thrown down and injured. It appears that he saw the bottom rung was gone. There was testimony showing that the uprights of the ladder were old and weather-cracked, and were split at the place where the upper cleat was nailed, and that by reason of this defective condition of fastening came off when Ryan put his foot on the second cleat and lifted himself by taking hold of the upper cleat. It was also in evidence that plaintiff had not used this ladder before, and did not know of the condition of the upper cleat. The accident happened at night.

On this evidence we must overrule the first assignment of error, in order to sustain which we would have to hold that plaintiff under the circumstances must necessarily have known of the condition of the cleat which gave way. We can not say as a matter of law that its condition was so obvious, at the time and in the circumstances under which plaintiff was acting, that he must have been informed of the fact when he undertook to use it.

The second assignment complains of the refusal of the following charge: "You are instructed that if you believe from the evidence that the fact that at the time of the accident to plaintiff * * * the lower cleat or rung of the ladder on the water car * * * was gone, was the proximate cause of the accident and injuries to plaintiff for which he sues, as the term 'proximate cause' is defined in the general charge of the court, then you will find for the defendants."

This charge was incorrect. There is no doubt that the absence of the lower rung might be found to have been the primary cause of the accident; in other words that it might and probably would not have happened if that rung had been there. Its absence may have been a proximate cause of the accident, and yet the cause and the proximate and responsible cause of the accident could be taken to have been the defect in the fastening of the top cleat, but for which the use of the ladder would have been safe. The charge was misleading, and would have made the case turn entirely on the fact that plaintiff knew the lower rung was gone.

The third assignment complains of the ninth paragraph of the court's charge. To properly discuss this assignment it is necessary to set it forth:

"9. You are instructed that it was the duty of the plaintiff while working upon defendant's train to use ordinary care to prevent injury to himself (and by ordinary care is meant such care and caution as a person of ordinary prudence would have used under like circumstances), and if you believe from the evidence the plaintiff failed to use such care and caution as a person of ordinary prudence would have used under like circumstances, and that such failure, if any, caused or contributed to his injury, then you will find for the defendants. If you believe from the evidence that the plaintiff before attempting to mount said ladder discovered that the lower cleat or rung of same was gone, but that notwithstanding that fact he attempted to mount said ladder, and that in so doing he was, under all the surrounding facts and circumstances, guilty of negligence, and that such negligence, if any, caused or contributed to cause his injuries, then your verdict must be for the defendants."

Appellants allege that the testimony was undisputed that Ryan knew that the lower rung of the ladder was not there when he undertook to ascend it. From his own testimony it is hardly possible to find otherwise. The objection to the charge is that it submits this fact as an issue to the jury.

The entire paragraph was devoted to instructing the jury to find for the defendants if plaintiff was guilty of contributory negligence. To ascertain if the alleged defect was calculated to prejudice defendants, the whole paragraph should be considered. It will be seen that the first portion of the paragraph tells the jury to find for defendant if plaintiff was guilty of negligence in any respect. We see nothing in the subsequent portion which takes from this general instruction. It was intended as an amplification of said general instruction, and can only be understood as requiring the application of the rule announced even in the event plaintiff knew that the bottom rung was absent.

Under the fourth assignment of error appellants make this proposition:

"The undisputed evidence in this case shows that before using the ladder from which appellee Ryan fell and was injured, he knew that the lower rung of same was gone; the absence thereof was a patent defect, the dangers of which were obvious to all men; appellee Ryan was an experienced brakeman, and it was error for the court to tell the jury that appellees could recover even though Ryan knew of the absence of the lower rung, if that was the proximate cause of his injuries, provided he was not guilty of contributory negligence or did not assume the risk."

A paragraph of the charge is attacked by this assignment for the reason stated in said proposition. We consider it is not well taken. The lower rung was gone, and we will say that plaintiff had noticed its absence. He might nevertheless have acted with ordinary care in using the ladder as he did, relying on its sufficiency otherwise. In one sense it could be taken as the proximate cause of his injury, because it would have been consistent with all the facts to find that had this rung been there the accident would not have occurred. If the court had charged unqualifiedly that if the absence of the rung was the proximate cause of plaintiff's injury he could not recover, the jury would have had to ignore the defect in the top rung as a factor in the case. It would have been calculated to have that effect. It was not the mere knowledge of the absence of the lower rung that would exonerate defendant, and unless it further appeared that plaintiff with such knowledge under all the circumstances acted imprudently in using the ladder, he could nevertheless recover.

The complaint offered to the court's charge by the fifth assignment is not well founded. The court did not err, upon the testimony in this case, in conditioning the defense of assumed risk on plaintiff's knowledge and appreciation of the danger.

The sixth assignment complains of the refusal of a charge telling the jury that if they believed from the evidence that plaintiff was attempting to go to the engine for the purpose of shoveling coal for the fireman or for some other purpose which was not his duty, and that if at the time he attempted to go over this ladder the train was approaching the station, and that it was his duty at that time to be on top of

the box cars, and that when he was injured he was not in the place he was required or authorized to be under the circumstances, to find for defendants.

The seventh complains of the refusal of another charge wherein defendants in effect requested the court to charge the jury that if they believed that at the time plaintiff was injured he was going to the engine to shovel coal and that it was not his duty under the terms of his engagement to do so, and that if they further believed that when injured he was not injured in the performance of his duty as brakeman, to find for defendants.

There was no testimony which admitted of these charges. The statement of the evidence pertinent to these assignments given in appellants' brief we assume states all the evidence on the subject favorable to defendant. 1. Ryan's testimony that the head brakeman (which he was) had a right to ride on the engine; that he was supposed to ride on top of the car and it was his duty to be there; that he was not going forward to assist the fireman to shovel coal and not violating his duty; that it was not his duty particularly to assist the fireman—could do so if he had nothing else to do; that it was the duty of the head brakeman to assist the fireman if the latter called on him to do so; witness thinks he was requested by fireman. 2. The fireman A. Young's testimony that the head brakeman was not required to shovel coal on this main line, but that he is on the Sacramento Mountain road, a branch of appellants' road; that appellant had no book of rules, but the custom was for the head brakeman to be on top *going into stations* to protect the train if the air did not work; that the question of the brakeman's shoveling coal for a fireman depended on his disposition; if he saw fit to help the fireman, there was no rule prohibiting it. 3. The testimony of Campbell, the conductor, that he did not remember of giving appellee Ryan any order to deliver to the engineer with reference to stopping or heading in at Alamogordo; that he was sure he did not; that when the train stopped at Alamogordo he was on the second or third car from the engine and had gone forward to see that the engineer headed in, giving the engineer the slow signal with his lantern; that the practice an l regulations of appellants were that the head brakeman should be on top going into stations, so that if the air failed he could apply the hand brakes; there was no compulsion by the appellants in reference to the head brakeman shoveling coal; most of them do it as a matter of accommodation; as to the Sacramento Mountain road there was a bulletin to the effect that the head brakeman should assist the fireman. J. E. Handibo was the locomotive engineer in charge of the engine on the train on which appellee was injured; that it was the head brakeman's duty to be on top of the head end of the train when running into stations, in order to protect the train in case of accident; that so far as he knew it was not the duty of the head brakeman to assist the fireman in shoveling coal on the line on which appellee Ryan was working, but it was the duty of

the brakeman on the Sacramento Mountain road. This is the testimony as appellant cites it.

In addition to the above Ryan testified that after leaving Don Canyon he started ahead to the engine to notify the engineer of the work to be done at Alamogordo. "Neither Mr. Campbell, the conductor, nor anyone else told me to do so. It was my duty and I was supposed to know my duty. The engineer knew he stopped at Alamogordo, but did not know of the cars to be set out there, about which I was to have told him, but I was injured before I got there to tell him." Campbell testified further: "If I did inform the plaintiff of the fact that we had these cars to set out at Alamogordo, there was no rule prohibiting him from conveying that information to the engineer. It is true that in the discharge of a brakeman's duty there are a great many things left to his judgment. I did not mean to say that the brakeman must have to be on top of the train all the time; he would not have to be on top of the train between stations at all."

The above is all the evidence cited in the briefs of both parties. There is nothing showing that the train was approaching the station at Alamogordo, in which case under some of this testimony his place would have been on the box cars. Whether he was going to the engine to assist in shoveling coal, or for the purpose of conveying information to the engineer, there is nothing in the above testimony which would warrant the conclusion that he was not in the proper performance of a duty in either case. All the evidence indicates that he was. It is not necessary for us to consider the question whether or not defendants would be liable if in ascending the ladder at the particular time, he appeared not to have been engaged in performing some part of his regular service.

We overrule the eighth assignment. The testimony given by the witness Peterson on cross-examination would not have warranted the court in striking out his entire testimony.

*Affirmed.*

Writ of error refused.