### L. P. Peck v. W. H. Peck.

No. 1413.   Decided May 1, 1905.

**1.—Master and Servant—Assumed Risk—Charge.**

A charge directing a verdict for defendant, the master, if the defect in machinery causing injury to plaintiff, the servant, was obvious to the latter and he had opportunities to see it, was improper in failing to distinguish between the duty of the master to inspect, and that of the servant, which was merely to do his own work with ordinary care. (Pp. 14, 15.)

**2.—Same—Fact Case.**

Evidence in case of injury to servant operating an elevator by getting his arm caught between a bar on the elevator and a block on the wall of the elevator shaft, considered and held not sufficient to tax the servant, as matter of law, with assumption of the risk by reason of opportunity to know it. (Pp. 15, 16.)

**3.—Known Defect—Knowledge of Danger.**

A servant is not necessarily charged with assumption of the risk by his knowledge or means of knowledge of the defect causing it, where the danger arising was not necessarily known, except upon inspection with reference to its safety. (P. 16.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

W. H. Peck sued L. P. Peck and recovered judgment. Defendant appealed and on affirmance obtained writ of error.

*Onion & Henry,* for plaintiff in error.—One who is injured by reason of his own contributory negligence can not recover damages therefor. The opportunity for seeing the block being perfect, plaintiff can not be heard to say that he did not know of its presence. Having passed in plain view of the block, which plaintiff alleges caused the injury, more than a million times, plaintiff assumed the risk and he can not recover. It was not essential that plaintiff should have actual knowledge of the presence of the block in the position in which it was placed, but only that he should have reasonable opportunity to know the block was there, in order to prevent a recovery. Where defects and danger are open and obvious, so that the servant is presumed to have knowledge he assumes the risk by remaining in the service of the master. Where a servant has knowledge, either actual or constructive, of defects or

danger, unless assured by the master and induced to remain in service, the servant assumes the risk incident to the service in which he is engaged. Galveston H. & S. A. Ry. Co. v. Garrett, 73 Texas, 266; Galveston, H. & S. A. Ry. Co. v. Walker, 76 S. W. Rep., 288; Fort Worth Iron Works v. Stokes, 76 S. W. Rep., 231; Missouri P. R. Co. v. Somers, 71 Texas, 700; Green v. Cross, 79 Texas, 130; Gulf C. & S. F. Ry. Co. v. Wells, 16 S. W. Rep., 1025; Missouri, K. & T. Ry. Co. v. Thompson, 11 Texas Civ. App., 667; Hillje v. Hettich, 67 S. W. Rep., 90; International & G. N. Ry. v. McCarthy, 64 Texas, 636; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Rood v. Mfg. Co., 155 Mass., 590; 1 Bailey on Personal Injuries, secs. 640, 796, 796a; Pennington v. Ry. Co., 90 Mich., 505; Austin v. Ry. Co., 164 Mass. 282; Richmond & D. Ry. Co. v. Risdon's Admr., 87 Va., 335; Johnson v. Oakes, 70 Fed. Rep., 566; Clark v. Ry. Co., 48 Kan., 654; Stringham v. Hilton, 111 N. Y., 188; 4 Sharp on Negligence, secs. 4609, 4614.

*Bryan Callaghan, H. C. Carter* and *Perry J. Lewis,* for defendant in error.—The second requested charge should not have been given by the trial court, because it does not correctly state the law. First, it ignores the question of the defect and danger being open and obvious; second, it ignores the question of plaintiff's knowledge or appreciation of the attendant risks; third, in its reference to plaintiff's past opportunities to see the block itself, it is misleading. The vice in the requested charge is that it made recovery depend upon the block itself being open and obvious and plaintiff having had opportunity to see it. This is certainly not the law, for to defeat a recovery upon the ground of assumed risk, the defect and danger must be open and obvious and the plaintiff must have knowledge of the attendant risk. This is the doctrine of the Hannig case, 91 Texas, 351, and of the Bonnet case, 89 Texas, 72. The fact that the structure itself was open and obvious, does not imply that the defect and danger were open and obvious, so also, mere knowledge of a particular defect does not imply knowledge of the attendant risk. Knowledge of the defect and danger and of the attendant risk is the essence of assumed risk. As aptly stated in the Hannig case, the servant "does not assume the risk arising from the failure of the master to do his duty, unless he knows of the failure and the attendant risks or in the ordinary discharge of his duty must necessarily have acquired the knowledge." In the Engelhorn case, 24 Texas Civ. App., 324, the court charged the jury that the servant does not assume the risk of the master's negligence unless he knows it. The Court of Civil Appeals held that this was quite general, but correct, as knowledge, either actual or constructive, was the essence of this form of assumed risk. So in the case of Galveston, H. & S. A. Ry. Co. v. Hughes, 22 Texas Civ. App., 134, a special charge was asked in effect that if the frogs and guard rails being unblocked was open and obvious to deceased, then plaintiffs could not recover, and the court held that this charge was correctly refused. The court said: "Neither was it error to refuse the special instruction in regard to the defect in the frogs and guard rails being visible and obvious." As aptly said by the Supreme Court of Arkansas in the case of Davis v. Railway Co. (Ark.), 13 S. W. Rep., 801, "Service about the unblocked rails was

attended with danger, and the knowledge of the fact that the rails were unblocked did not necessarily imply knowledge of the attendant danger." Under the facts of this case it would have been error to have instructed the jury that mere knowledge of the fact that the frogs were unblocked, upon the part of deceased, would preclude a recovery, when the test should have been, did deceased know the defects in the track, and did he also know that the defects rendered his employment dangerous? Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Missouri P. Ry. Co. v. Watts, 64 Texas, 568; Houston & T. C. Ry. Co. v. McNamara, 59 Texas, 257; Cook v. Railway Co. (Minn.), 24 N. W. Rep., .312; Mayes v. Railway Co. (Iowa), 14 N. W. Rep., 340.

If it is the law of assumed risk that the plaintiff can not recover if the structure itself is open and obvious and that plaintiff had had opportunities in the past to see it, then many of the judgments that have been affirmed by our Supreme Court should have been reversed upon the facts. In the Engelhorn case, 24 Texas Civ. App., 324, an employe was injured by cattle guards being dangerously close to the track. The cattle guards were open and obvious and plaintiff had had opportunities to see them, yet a recovery was sustained. So in the Somers case, 78 Texas, 440. The case of Houston Electric Co. v. Robinson, 76 S. W. Rep., 209, the plaintiff was knocked off a street car by poles which were placed too close to the track. The poles were open and obvious and plaintiff had had opportunities to see them. A recovery was sustained by the courts. In the case of Texas & P. Ry. Co. v. Swearingen, 122 Fed. Rep., 193, the plaintiff, while on a passing car was injured by scales which were placed dangerously close to the track. The scales were open and obvious and plaintiff had had opportunities to see them, yet the danger was not open and obvious and a recovery was sustained. We respectfully insist that there is a wide difference between the structure itself being open and obvious and the defect and danger being open and obvious, and we feel that, unless the law of assumed risk, as it has been applied by all of our appellate courts, is to be materially modified, the requested charge in this case could not have been given.

The second requested charge was misleading in that it would have induced the jury to believe that if the plaintiff had had opportunities to see the block then he could not recover. It must be borne in mind that plaintiff was a salesman in the furniture store and was not a machinest and had nothing whatever to do with the elevator mentioned and did not know or understand the parts of an elevator. To have simply indicated to the jury that if plaintff had had opportunities to see said block he could not recover, would have left them free to consider that he had opportunities to see the block if he had inspected the elevator, or had made a particular investigation to discover the existence of such obstruction. Plaintiff was not required to inspect the elevator or even to use ordinary care to discover any defects, and the law only charged him with knowledge of those defects, which, in the ordinary discharge of his own duty he must necessarily have known of. The question is not what opportunities a man has to see, but what he must necessarily have seen in the ordinary discharge of his own duty. This idea is aptly illustrated in the case of Eldridge v. Atlas

Steam Ship Co., 58 Hun, 96. In that case a seaman received injuries while operating a dangerous winch on defendant's ship and a special instruction was asked to the effect that if plaintiff had an opportunity of seeing the winch before the ship sailed he could not recover. The court held that the charge was properly refused for the reason that if plaintiff did not acquire knowledge of the risk, the opportunity to discover it would not justify a verdict for the defendant. So in this case plaintiff's opportunities to have seen the block had nothing to do with the case and unless plaintiff knew or in the ordinary discharge of his own duty must necessarily have acquired knowledge of the defect and danger, his recovery would not be defeated.

The requested charge was misleading, because it implied that it was plaintiff's duty to investigate or look for the block. Texas, S. V. & N. W. Ry. Co. v. Guy, 23 S. W. Rep., 633-5; Texas & P. Ry. Co. v. Kenna, 52 S. W. Rep., 555-6.

WILLIAMS, ASSOCIATE JUSTICE.—The judgment under review was recovered by defendant in error, as plaintiff, against plaintiff in error, as defendant, for damages for an injury sustained by plaintiff while in defendant's service. One of the leading questions submitted is whether or not the evidence showed any right of plaintiff to recover. There is practically no conflict in the testimony. The plaintiff was hurt while operating an elevator in defendant's furniture establishment, by having his arm caught between an iron bar across the side of the elevator and a block of wood fastened inside the shaft. The negligence is claimed to have consisted in having the block in such a position, or in allowing it to project so near the side of the elevator. The building was several stories high, and the block was fastened to a joist just under the second floor, where the elevator shaft passed through, and was about twenty-two inches long, two inches thick and projected from the joist four inches and to within about two inches of the body of the elevator. The elevator was open on that side, having only an iron bar as a guard across it. The cables by which it was controlled were outside of and between it and the side of the shaft, and one of them, to hold it steadily in position, passed through the hole in the center of the block. Plaintiff was returning with the elevator from the top of the building, and, in order to regulate its movement, extended his hand outside and caught hold of this cable, when his elbow came in contact with the block and was caught by the descending cross bar and injured. The evidence leaves no doubt that the block, thus projecting so near to the elevator, was a clumsy contrivance for the purpose for which it was intended, and the use of it was negligence, even if there was a necessity for anything to hold the cable at that point. Nothing of the kind was at the other floors or upon the other cable. The chief contention is that plaintiff knew, or ought to have known, of its presence and of the danger it caused, and therefore assumed the risk of, and was guilty of negligence in exposing himself as he did. That he did not know of the fact the evidence is direct, and this court could only sustain the contention by holding, as matter of law, that the facts admit of no rational opinion but that he ought to have known it. The evidence shows, and plaintiff admits, that the

block could have been seen by him from the elevator at any time when it passed that place, going up or down, had he looked for it, and that he had passed up and down many times each day for years; but it also shows that neither he, nor defendant, nor another employe, all of whom had used the elevator in the same way and for a long time, had ever seen it before this accident. There is only one witness who had seen it while using the elevator and he was a workman, skilled in the construction, repair and management of elevators. It seems that much handling of the cable was not necessary in running the elevator, the hand being upon it only when it was desired to start, accelerate or stop it, and that in order to reach the cable it was necessary to extend the arm outside the carriage. The danger from the block therefore existed only when the hand and arm happened to be extended as the elevator was passing it. The construction, also, was such that the operator would, as defendant himself testifies, naturally stand with his face towards the east side and not towards the cable and block, which were on the north side. It is conceded that it was no part of plaintiff's duty to inspect or see to the condition of the elevator and its attachments.

The views of the court upon these facts may best be given in discussion of the following special charge for the refusal of which the writ of error was granted: "You are further charged that if you believe from the evidence that the block described in plaintiff's petition was open and obvious to the plaintiff and that plaintiff had had opportunities to see said block, then you will return a verdict for defendant."

In such instructions it is necessary always to avoid putting upon the servant the duty which the law places upon the master. As the latter furnishes the place at, and tools and appliances with which his work is to be done, it is his duty to use the care defined by the law to have them in proper condition for use by the servant; and all such examinations and inspections as are essential to constitute such care are to be made by the master. This duty, with some exceptions not in question here, the servant need not concern himself with, but he may enter upon his work with the assumption that it has been properly performed by the master. He is not exempted from the use of care for his safety, but the care he is to employ is in the doing of his work and not in doing that which the law exacts of the master. Therefore the mere fact that he might by an investigation discover a defective condition which the master has negligently created or allowed to exist does not affect him. As he is to exercise, while engaged in his work, that care which persons of ordinary prudence exercise, to the same end, when similarly engaged, he must see and know those things and take those precautions which such persons ordinarily see, know and take. Of such things he is charged with knowledge whether he negligently fails to observe them or not. Of course we are not now speaking of inexperienced persons. It is thus that he may be charged with knowledge of a defect and a danger arising from negligence of the master, not because he is under obligation to make inquiry or examination as to the master's performance of duty, but because the thing is such that with common prudence he ought to see or know it in doing

his own work. A special application of this is that he must see those things which are open and obvious to him, which, in more general language, ordinarily cautious persons, engaged as he is, would see and understand. These principles have often been stated by this court; but in the trial of cases it not infrequently happens that instructions are so worded as to run the risk of misleading juries, on the one hand, into imposing upon the servant the duty of the master, or on the other, into exempting the servant, in doing his work, from the observance of that care which every man is expected to use in looking out for his safety. In Missouri, K. & T. Ry. Co. v. Hannig (91 Texas, 350-1), for instance, a charge was given in substance that plaintiff could not recover for the master's negligence "if he could have known these facts by the use of ordinary care," which might have meant to the jury that plaintiff was required to make some inquiry to learn of the danger which the master's negligence had created. In commenting on this charge, this court used this language: "We understand the law to be that when the servant enters the employment of the master, he has the right to rely upon the assumption that the machinery, tools and appliances with which he is called upon to work are reasonably safe and that the business is conducted in a reasonably safe manner. He is not required to use ordinary care to see whether this has been done or not. He does not assume the risks arising from the failure of the master to do his duty, unless he knows of the failure and the attendant risks or in the ordinary discharge of his own duty must necessarily have acquired the knowledge, ante p. 287." If this needed any elaboration it was furnished by the reference to the cases cited in that opinion from which is seen that a servant must be treated as having "necessarily acquired knowledge" of those dangers, although arising from the negligence of the master, which were obvious and open to him in the doing of his work; in which, in other words, ordinarily prudent persons would have learned under like circumstances, in the rendering same service.

If the special charge had adequately expressed this idea, and been free from another objection, the defendant would have been entitled to have it given. But its wording was calculated, without further explanation, to produce the impression that opportunities to see the block would charge plaintiff with knowledge of its presence, when, under the evidence, the opportunity may have consisted only in the ability to have discovered it by assuming the master's duty and in examining the construction of the elevator, and not in the fact that plaintiff could and ought to have seen it in the proper performance of his own duty. Upon the same distinction, we must hold that the evidence does not make so clear a case either of assumption of risk or contributory negligence, that this court can interfere with the verdict. From the evidence the jury might properly have concluded that plaintiff properly performed his own duty, did all that prudence required of him, and that he failed to learn of the presence of the block only because he did not make an examination which it was not his, but the defendant's duty to make.

The requested charge is also wrong in making knowledge, actually acquired, or to be imputed, of the presence of the block, without an

appreciation of the danger caused by it, to operate as a bar to recovery. It often happens that knowledge of a defective condition necessarily carries with it knowledge of the danger, and we were at first impressed with the view that this was such a case; but, as indicated by the facts stated, the danger to be apprehended from the block depended upon its proximity to the side of the elevator, and plaintiff might have known that a block was there without necessarily knowing that its position was such as to endanger him, and the charge should have left the question to the jury.

Another proposition contended for, upon the facts, is that the danger was as open to discovery by plaintiff as by defendant and that this precluded a recovery, but that this is not necessarily true is evident, when the differing duties of the two are kept in mind. The defendant's duty was to originally construct in the proper manner, and afterwards to examine, while that of plaintiff was only to do his work prudently. Either could have made the discovery by inspection, but this, it was defendant's, and not plaintiff's, duty to make.

*Affirmed.*