## ST. LOUIS, S. F. & T. RY. CO. v. BARR.

### No. 2943.

Court of Civil Appeals of Texas. El Paso.
Jan. 25, 1934.

Allen & Gambill, of Fort Worth, and Head, Dillard, Maxey-Freeman & McReynolds, of Sherman, for appellant.

Webb & Webb, of Sherman (G. P. Webb and Spearman Webb, both of Sherman, of counsel), for appellee.

HIGGINS, Justice.

Appellee Barr was a member of appellant's switching crew working in the Sherman yards. While so engaged, he had the ends of three fingers pinched off and this suit is to recover damages therefor.

A coal gondola car was kicked to connect with a string of other cars. Barr boarded the car to slacken its speed before its impact with the cars to which it was intended to be connected. He undertook to apply the brake at the end of the car. The brake for some reason did not function and it was necessary for Barr to quickly descend from the car to protect himself from the impending collision. The end of the gondola had a door or end gate which was fastened to the floor by hinges. When it was raised, it had a play of about seven-eighths of an inch at the top and was held in its upright position by hook and staple attached to the side ends. According to Barr's testimony, when he discovered the brake did not slacken the speed of the car, he undertook to descend to the ground; he grabbed for the grab iron at the end of the car but missed it and grabbed the side of the car with his fingers in the crack between the end gate and corner of the car. The impact between the cars occurred just as his feet reached the ground and before he had removed his hand from the crack. The impact slammed the end gate and pinched off the ends of his fingers.

It was alleged as negligence that the brake

chain had too much slack in it which caused the brake not to function.

Upon this issue of negligence the jury found in favor of Barr. The issues of assumed risk and unavoidable accident were also found in his favor. It was also found that he was not guilty of negligence in grabbing the side post when he did; also that he was not guilty of negligence, while attempting to descend from the car, in placing his fingers between the end gate of the car and the side post.

Upon these findings judgment was rendered in Barr's favor for the damages assessed in the sum of $8,802.

It was agreed the plaintiff was engaged in interstate commerce at the time he was injured.

Error is assigned to the refusal of a peremptory charge in its favor requested by appellant upon the theory that no actionable negligence on its part was shown and the undisputed evidence shows plaintiff's injuries resulted from a risk assumed by him.

It was the theory of the plaintiff that the brake chain was too long, giving it too much slack.

Barr testified:

"Q. Did you undertake to slack that speed as it approached the point of collision? A. Yes, sir.

"Q. What method did you use in order to do that? A. I tried to stop its speed by setting the brake—and it would not take hold.

"Q. Why did it not take hold? A. Too much chain was there, and the chain balled up.

"Mr. McReynolds: We object to that as calling for an opinion of the witness, as to why it did not take hold.

"The Court: Was the question why it did not take hold, what was it, Mr. Webb?

"Mr. Webb: Well, I will ask the following, we withdraw that question. What happened when you undertook to—that is, when you noticed the chain was balled up on the staff there? Was that the staff or what?"

■ It will be observed Barr testified the reason the brake did not take hold was because "too much chain was there, and the chain balled up." This directly supports his theory of the cause of the accident, but the question, in response to which the testimony was given, was withdrawn. However, the testimony already given was not stricken. We incline to the view, in the condition of

the record, that the testimony given is not to be considered as stricken. For the error later shown, the judgment will be reversed, and, even if the testimony should properly be regarded as stricken or withdrawn, we would not reverse and here render. We would in any event remand to afford appellee an opportunity to fully develop the testimony upon the issue.

■ The theory of assumed risk is predicated upon the undisputed evidence that as Barr was alighting from the car, he put his hand between the end gate and corner post and when the car collided with the other cars, the ends of three of his fingers were mashed; that the construction of the car was such that there was lateral play of from three-fourths to seven-eighths of an inch between the end door and the post. Barr testified he was familiar with the construction of this class of cars, had worked on them before, and knew of the construction of same, and knew there was a space between the end door and the post.

The evidence stated does not show assumed risk in this case as a matter of law. While Barr assumed all risk ordinarily incident to the lateral play in the end gate, yet he did not assume the risk of injury due to defendant's negligence in having the defective braking apparatus.

[3] The rule applying to the present facts is stated by Chief Justice Gaines in Missouri Pac. Ry. Co. v. Somers, 78 Tex. 439, 14 S. W. 779, 780, which we quote: "Because a servant knows of one defect, he does not take the risk of another, of which he has no knowledge; and, if both contribute to injure him, he is entitled to recover, provided, but for the unknown defect, the accident would not have happened."

Such rule has been often applied in this state. Texas & N. O. Ry. Co. v. Kelly, 98 Tex. 123, 80 S. W. 79; Poindexter v. Receivers of Kirby Lumber Co., 101 Tex. 322, 107 S. W. 42; Texas Cent. Ry. Co. v. Bender, 32 Tex. Civ. App. 568, 75 S. W. 561; International & B. N. Ry. Co. v. Moynahan, 33 Tex. Civ. App. 302, 76 S. W. 803; Gulf, C. & S. F. Ry. Co. v. Cooper, 33 Tex. Civ. App. 319, 77 S. W. 263; El Paso Northeastern Ry. Co. v. Ryan, 36 Tex. Civ. App. 190, 81 S. W. 563; International & G. N. Ry. Co. v. Elder, 44 Tex. Civ. App. 605, 99 S. W. 856; Ry. Co. v. Powell, 51 Tex. Civ. App. 409, 112 S. W. 697; Missouri, K. & T. Ry. Co. v. Gearheart (Tex. Civ. App.) 81 S. W. 325; Galveston, H. & S.

A. Ry. Co. v. Fitzpatrick (Tex. Civ. App.) 83 S. W. 406; Id. (Tex. Civ. App.) 91 S. W. 355.

■ Defendant excepted to the court's failure to define "new cause" as that term was used in the definition given of proximate cause. A charge properly defining proximate cause and new and independent cause as used therein was requested by appellant and refused.

The court erred in refusing to define the term "new cause." Greer v. Thaman (Tex. Com. App.) 55 S.W.(2d) 519; Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W. (2d) 570; Stamper v. Scholtz (Tex. Civ. App.) 17 S.W.(2d) 184; R. B. Oil Co. v. Matthews (Tex. Civ. App.) 20 S.W.(2d) 342.

In this connection appellee suggests the evidence does not raise the issue of a new and independent cause, for which reason there was no necessity for the requested definition. This is untenable. The evidence is sufficient to support the view that the injury to plaintiff's fingers was due entirely to the lateral play in the end gate and that such injury was entirely disconnected from and independent of any defect in the brake.

■ Appellant pleaded false and fraudulent representations made by plaintiff in his application for employment. In that connection it set up that in October, 1905, plaintiff had been convicted of burglary in McLennan county, and sentenced to the penitentiary for two years; and in 1908 was convicted of assault with intent to murder in the same county and sent to the penitentiary for ten years.

Upon the trial plaintiff offered the testimony of certain witnesses that plaintiff's general reputation in the community in which he lived, for common honesty and fair dealing, was good. Error is assigned to the admission of this testimony.

In the recent case of Grant v. Pendley (Tex. Com. App.) 39 S.W.(2d) 596, 599, 78 A. L. R. 638, it was said: "We therefore announce the rule to be that supporting evidence of good character, either for truth and veracity or honesty and fair dealing, should only be admitted in those cases where the nature of the action directly involves the character of a party, where a witness has been impeached, or where a party by his pleading or evidence charges his adversary with the commission of a crime involving moral turpitude."

This opinion was expressly approved by the Supreme Court.

Ft. Worth W. M. & S. Co. v. Waggoman (Tex. Civ. App.) 52 S.W.(2d) 306, was an action by Waggoman for false imprisonment and to cancel a note and mortgage for duress. The defendant pleaded that while plaintiff was in its employ, he had kept money belonging to defendant, defrauding it of $7,500 and more, and plaintiff had confessed said defalcation and embezzlement. It was first held evidence was admissible that plaintiff's reputation in the community where he lived, for honesty and fair dealing, was good and his reputation for truth and veracity was good. On rehearing this ruling was set aside and it was held that such evidence was inadmissible because neither plaintiff's reputation nor character were directly involved and defendant had not attempted to impeach the plaintiff. The Supreme Court granted a writ of error with this notation: "On the conflicts alleged." See Texas Syllabi of July 19, 1932. We infer from this notation the Supreme Court considered the ruling in the Waggoman Case as in conflict with Grant v. Pendley.

We, therefore, feel constrained to hold that under the ruling in Grant v. Pendley, plaintiff's reputation in the community in which he lived, for honesty and fair dealing, was admissible in view of the defensive matter pleaded by defendant setting up the convictions of plaintiff in McLennan county.

Misconduct of the jury is charged in three particulars: (1) That the verdict is a quotient one; (2) that the jury agreed in advance to find for plaintiff and framed their answers to the issues submitted to accomplish such purpose; (3) during the deliberation of the jury one of the jurors, who had some knowledge of coal cars, drew a diagram on the floor showing how the braking apparatus worked and stated he did not see how the chain could ball up and not throw the brake on and stated that in his opinion the failure of the brake to work was due to the brake beam or brake shoe.

■ As to the first two grounds, the evidence is in conflict and the finding of the court upon such conflict controls. Casstevens v. Ry. Co., 119 Tex. 456, 32 S.W.(2d) 637, 73 A. L. R. 89.

■ The third ground of misconduct was in favor of appellant, because the juror was arguing against the plaintiff's theory that the failure of the brake to function was due to the brake chain being too long.

Since the judgment must be reversed for the error of the court in refusing to define

the term "new cause," it becomes unnecessary to consider the question of an excessive award of damages.

Reversed and remanded.