## CITY OF PANHANDLE v. BYRD.
### No. 4298.

Court of Civil Appeals of Texas. Amarillo.
Nov. 12, 1934.

Rehearing Denied Jan. 7, 1935.

Second Motion for Rehearing Denied
Jan. 28, 1935.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellant.

J. Sid O'Keefe, of Panhandle, and Willis, Studer & Studer, of Pampa, for appellee.

HALL, Chief Justice.

The appellee Byrd sued the appellant city to recover damages due to personal injuries which he alleges he sustained on July 16, 1931, while an employee of the city working with one W. E. Wright, foreman, in running some street grading equipment, consisting of a caterpillar tractor, operated by Wright, in pulling a grader which was operated by plaintiff and which they were using in scraping the streets in Panhandle. That on the occasion in question the city of Panhandle was having the equipment used in cleaning gutters and removing drainpipes. That the drainpipes that were being cleaned out at that time were situated in the gutters on each side of the street to protect the property owners living adjacent to said street. That the work was being done for the purpose of protecting the said property owners in order that water which had theretofore been accumulating in the drains and gutters would be carried off and not damage the abutting property of the landowners. That the said culverts were so placed in order to form approaches to the premises of said abutting property. That the platform on which plaintiff was required to stand was insecurely fastened to the grader and constituted a hazard such as plaintiff's foreman should have anticipated by the use of ordinary care and which constituted negligence on the part of the city proximately causing plaintiff's injuries. That the work which the city was having done was not necessary for the purpose of opening the streets or removing any obstruction thereon. That generally speaking the drains and gutters were serving the city reasonably well, the main inconvenience being to the owners of abutting property wherein their premises would have been flooded and that did not have proper approach to their premises so that the work was being done primarily for the convenience of the inhabitants of the city and specially for the owners of abutting property.

Plaintiff more particularly alleges that in cleaning out the gutters it sometimes became necessary to use a chain with a hook on the end, which was carried along to loop around culverts or walkways which they would temporarily lift out of place in order to better clean the gutter, and that on the day in question, shortly before plaintiff's injury and after having used the chain several times, plaintiff and his foreman lifted and pulled the other end of the chain up and tied it to the platform on the grader where plaintiff stood during his work, then they moved ahead down the street with the tractor pulling the grader and the chain trailing behind the grader with the hook end on the ground, plaintiff being in his place on the platform of the grader, and while the outfit was traveling along the street over towards the ditch, they came to a large culvert, consisting of a twenty-foot section of twelve-inch oil-well casing. That they decided not to try to remove that, and instead the tractor turned out slightly to pass by the side of the culvert, and plaintiff guided the grader in the same way, but as they passed this culvert the hook on the end of the chain that was dragging happened in some way to catch on the end of this pipe culvert, and when the tractor and grader drew the chain taut, same jerked the platform, on which plaintiff was standing, loose from the grader, causing him to fall to the ground, which fractured and injured his right leg and ankle, for which plaintiff claims damages on the ground that it was negligence on the city's part to permit the chain to drag behind the grader.

The city answered by general demurrer and general denial and specially alleged that the work which it was having done was in the discharge of a duty delegated to it under the general statutes of the state applicable to municipal corporations. It filed a plea of contributory negligence, assumed risk, that plaintiff well knew that at places along the borrow pit where he was working the residents living in property abutting the avenue had laid culverts lengthwise, made of pipe or other materials suitable for the purpose of a drain along such borrow pit, and had covered such culverts with dirt to form a driveway into such abutting premises.

There was a trial to a jury, and in response to special issues the jury found as follows:

(1) Under all the facts and circumstances at the time plaintiff sustained his injury, the dragging of the chain behind the grader constituted negligence on the part of the defendant.

(2) Such negligence was a proximate cause of the plaintiff's injury.

(3) That the injury received by plaintiff was not the result of an unavoidable accident.

(4) That plaintiff was not guilty of contributory negligence on the occasion in question.

(6) Plaintiff did not assume the risk of being injured in the manner in which he was injured.

(11) $5,405.20, if paid at this time, will reasonably compensate plaintiff for the injury he has sustained.

(12) That the misfortune which befell plaintiff or some similar event was not something which a person of ordinary prudence should have reasonably foreseen as likely to occur from dragging the chain behind the grader.

Judgment was entered based upon the verdict, from which this appeal is prosecuted.

Under numerous propositions the appellant contends that the court erred in not directing a verdict in favor of the city.

■■■ A request by the defendant for an instructed verdict admits as true all evidence supporting plaintiff's claim, and in determining the propriety of such peremptory instruction the evidence must be considered most favorably to plaintiff, disregarding conflicts and contradictions, no matter how strong or how much in conflict the contradicting evidence may be. Ladies Benevolent Society v. Magnolia Cemetery Co. (Tex. Civ. App.) 268 S. W. 198; Owen v. Al Parker Securities Co. (Tex. Civ. App.) 296 S. W. 620; Al Parker Securities Co. v. Owen (Tex. Com. App.) 1 S.W. (2d) 271. And the court must indulge every legitimate conclusion favorable to plaintiff and warranted by the facts proved. Gross v. Shell Pipe Line Corporation (Tex. Civ. App.) 48 S.W.(2d) 377. And every favorable inference that may properly be drawn from the evidence must be construed by the court against such peremptory instruction. Texas Employers' Insurance Association v. Boecker (Tex. Civ. App.) 53 S.W.(2d) 327; Jackson v. Langford (Tex. Civ. App.) 60 S.W.(2d) 267. Moreover, this court must accept as true all evidence tending to support the findings of the jury on the issues submitted. Jones v. Jones (Tex. Civ. App.) 41 S.W.(2d) 496.

As we understand the plaintiff's pleading, he seeks to recover because of defendant's negligence in having a platform with insufficient fastenings and further negligence in permitting the chain to drag on the ground behind the grader.

The issue of the fastening of the platform to the grader was not submitted to the jury, nor requested, and though there is some evidence tending to sustain it, it has been waived except as bearing upon the propriety of giving or refusing appellant's peremptory instruction.

The witness Wright, who was in charge of the work and had been employed by the city for about five years in doing similar work and who was familiar with the machine, testified, in response to questions, as follows:

"Q. What kind of a platform was there on that machine where it was situated on the grader? A. There was a small platform. I judge about 20 to 24 inches square that the grader man [Byrd] stood on at the rear of the grader.

"Q. What did he stand on that grader for? A. Well, to operate the grader.

"Q. Tell the jury how and at what position the chain was, how it was situated. A. The chain was—one hook was hooked on the platform Mr. Byrd stood on and the other one was dragging the borrow-pit behind the grader.

"Q. Where was he stationed at the time just before the accident? A. He was on the platform at the rear of the grader.

"Q. Well, did you see and know anything that happened at the time of the accident? What happened to the chain? Anything in connection with it? A. Well, the chain as we pulled around this piece of pipe that was in a private driveway, the chain hook caught on the pipe and jerked and broke the platform off that Mr. Byrd stood on.

"Q. What happened to Mr. Byrd, the plaintiff? A. Mr. Byrd fell. I judge he fell, I found him on the ground and stopped."

Byrd testified as to how the accident happened as follows:

"Q. Were you moving at the time? A. Yes, sir.

"Q. The chain caught? A. Yes, sir.

"Q. How quickly after it caught did it pull the platform off? A. Well, I guess it was right then.

"Q. How was that? A. Right at that instant, because there was not any stretch in the chain, it snapped right off.

"Q. Did you and the platform go off together? A. No, I went one way and it went the other. It throwed me clear away from the machine."

Though the issue of defect in the platform fastening was not submitted, the evidence on

that issue which was introduced, required the court under the pleading to accept it as proven when considering the propriety of giving a peremptory instruction.

The plaintiff was working under the direction of Wright, who was a vice principal. Wright testified that he was superintendent in charge of all the work of that kind for the city of Panhandle. That he was directing the operation of the road machinery at the time and had directed plaintiff to operate the grader. That the city manager had told him to employ Byrd, the plaintiff, to do the work. He further testified that he was the one that told the plaintiff to get on the job and go to work, that he always gave directions to the employees doing the work, that he had the right to discharge and did discharge such employees as the plaintiff. Plaintiff testified that he had been working on this particular job about two and a half days. That Wright put him to work and told him what to do. That the chain was lying on the ground before it was attached to the platform, Wright picked it up, and plaintiff assisted him in hooking the chain on to the platform. That he did not know really which one of them hitched it on. It was not shown that such an accident had ever happened before in connection with that kind of work.

■ It is contended by the appellant that both Wright and Byrd had equal opportunity of knowing and appreciating the danger. That contention is not supported by the record in that Wright had been using the machinery for about five years and plaintiff had only operated the grader for two and a half days. It is held that the "equal opportunity" principle does not apply unless there are obvious defects. If the master and servant have actual knowledge of the danger, the rule is to apply the principle, but where both are equally ignorant that there is any danger, the risk of going on with the work is not assumed by the servant. Peck v. Peck, 99 Tex. 10, 87 S. W. 248; Id. (Tex. Civ. App.) 83 S. W. 257; Galveston H. & S. A. Ry. Co. v. Bonnet (Tex. Civ. App.) 38 S. W. 813; Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Tex. 72, 33 S. W. 334; Texas, S. V. & N. W. R. Co. v. Guy (Tex. Civ. App.) 23 S. W. 633. It is said in the Bonnet Case, supra, that where such an injury occurs and neither had actual knowledge of the danger, the opportunity of each may be compared. In applying the principle of equal opportunity afforded the servant to inform himself of defects in an appliance furnished by the master, the servant is under no duty to so inform himself unless the defect be open and obvious. Byrd had the right to rely upon Wright's superior knowledge and experience and no duty rested upon him under the circumstances to discover any defects in the chain or platform connected with his employment. Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Tex. 19; Texas, S. V. & N. W. R. Co. v. Guy, supra; Peck v. Peck, supra. It is an established rule that an employee assumes the ordinary risk incident to a defect in the appliances used by him in his work not discoverable by the employer in the course of his duty of inspection, but the employee does not assume the risk of a breach of duty by his employer, and a breach of duty with respect to the appliances for the work is a typical act of negligence, the risk of which is not ordinarily assumed. After one end of the chain had been hooked to the platform, Wright turned the tractor away from the gutter with the intention of avoiding the particular drain pipe which caught the hook on the other end of the chain. Byrd testified that when Wright turned the tractor toward the center of the street, he also turned the grader so as to leave the gutter or borrow pit and follow the tractor. We may infer that in guiding the grader away from the drain pipe, he expected that the chain would follow the grader. So the court did not err in refusing to direct a verdict for appellant.

■ A servant is under no duty to inspect the appliances furnished him for use, and he does not assume the risk resulting from defects and is not guilty of contributory negligence unless he had knowledge of them and appreciated the danger. The law does not relieve a master of the duty of inspecting tools of simple construction supplied to his servant. Buchanan & Gilder v. Blanchard (Tex. Civ. App.) 127 S. W. 1153; Quanah, Acme & Pacific R. Co. v. Gray (C. C. A.) 63 F.(2d) 410. Unless plaintiff knew or should have known of the particular danger and risk, he is not guilty of contributory negligence. This is usually a question of fact for the jury and cannot be a matter for the court, even though plaintiff was an experienced man, where the uncontroverted evidence shows he was ignorant of the danger and the accident was an unusual one and that plaintiff had not become familiar with the use of the appliance and the method of doing the work. El Paso & N. E. R. Co. v. Ryan, 36 Tex. Civ. App. 190, 81 S. W. 563; St. Louis S. W. R. Co. v. Gillenwater (Tex. Civ. App.) 284 S. W. 268; Id. (Tex. Com. App.) 294 S. W. 193; Texas & N. O. R. Co. v. Gericke (Tex. Com. App.) 231 S. W. 745. The fact that the

event which caused the injury was unusual, unexpected, and exceptional did not require the court to direct a verdict for appellant. El Paso & N. W. R. Co. v. McComas, 36 Tex. Civ. App. 170, 81 S. W. 760, 762.

The facts in the last-named case are that McComas was riding in a box car with a bridge gang and was injured by a piece of lumber which either fell or was thrown out of a flat car in front of the car in which he was riding and struck the plaintiff. He contended that the lumber was negligently loaded, which might have caused the occurrence. The court held that even though the plaintiff assisted in loading the lumber or was present when it was done, he might not have known that it was improperly loaded, or if he knew that it was improperly loaded, he might not have known of the danger arising therefrom and therefore the case was properly submitted to the jury. The railroad company claimed that the accident was of such extraordinary nature that under the peculiar circumstances it could not have been expected that the stick of timber would fly from one car into another and hit him, and therefore there was no negligence for which the plaintiff could recover. In affirming the judgment the court said: "The fact that it happened to cause the injury in a manner so unusual that it was not to be expected does not prevent the act from being negligent, when it was likely to cause injury in a way that might be foreseen. It may be true that the negligence in this case produced an effect not before observed, the circumstances of which could not have been anticipated. But if the negligence was liable to produce other and familiar injuries, the peculiarity of the accident does not prevent liability."

■ The proximate and natural consequences of an act of negligence are always deemed foreseen, though the precise injury may not have been foreseen. Gulf, C. & S. F. R. Co. v. Smith (Tex. Civ. App.) 148 S. W. 820; Ft. Worth Gas Co. v. Cooper (Tex. Civ. App.) 241 S. W. 282.

■ Hooking the chain to the platform of the grader is chargeable to Wright alone, although plaintiff assisted him. Wright was shown to be an experienced worker and was foreman in charge and by his conduct directed the performance of the work in that particular manner. The evidence was sufficient to present the issue whether plaintiff's injury might have resulted from permitting the chain to drag.

■ The appellant pleaded that plaintiff was guilty of contributory negligence in permitting the chain to drag behind the grader instead of carrying it on the grader as he might have done. This is the only act of contributory negligence interposed by appellant.

The court submitted this issue: "Do you find from a preponderance of the evidence that the plaintiff at the time and place of the accident was not guilty of contributory negligence as contributory negligence has been hereinbefore defined, on the occasion in question?"

The defendant interposed this objection: "Defendant excepts to the Court's question No. 4 because the same is too general in form and does not constitute a concrete, affirmative and specific presentation of the issues of contributory negligence made upon the record in this case."

The issue was not too general because only one act of contributory negligence was alleged. The objection was not sufficiently specific and was itself misleading because it does not constitute a presentation of *the issues* of contributory negligence when only one issue was made. It is the established rule that where there are several issues of contributory negligence, each must be separately submitted. Dallas Hotel Co. v. Fox (Tex. Civ. App.) 196 S. W. 647; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517. But it was not objected to, and could not have been because the issues (and there was only one) were not specifically submitted. The rule is settled that in cases submitted upon special issues, objections to the issues or charge must be specific and point out exactly and clearly to the trial court the objections urged. The purpose of this rule is to enable the trial court to correct his errors, and an objection which is confusing, indistinct, and general does not aid the trial court in correcting the errors, if any, in his charge. Stamper v. Scholtz (Tex. Civ. App.) 29 S.W.(2d) 883; City of Wichita Falls v. Whitney (Tex. Civ. App.) 26 S.W.(2d) 327; Chase Bag Co. v. Longoria (Tex. Civ. App.) 45 S.W.(2d) 242; Perkins v. Nevill (Tex. Com. App.) 58 S.W. (2d) 50; McDonald v. Cartwright (Tex. Civ App.) 72 S.W.(2d) 337.

What we have just said disposes of the eleventh proposition.

■ The contention is made that because the city was engaged in the performance of a governmental function, its employee was not entitled to recover.

The record shows that Wright and the plaintiff were using a grader scraping the

dirt out of the gutters abutting the private property of owners along the street, and it is alleged that the work was being done for the benefit of the property owners. This was a municipal or corporate function and not a governmental function, and the city cannot be excused upon that ground. Community Natural Gas Co. v. Northern Texas Utilities Co. (Tex. Civ. App.) 13 S.W.(2d) 184; Id. (Tex. Civ. App.) 297 S. W. 904; 30 Tex. Jur. 540, § 298, and authorities cited.

All propositions not specifically disposed of are overruled as being without merit.

The original opinion is withdrawn.

We find no reversible error, and the judgment is affirmed.