## KNOLLENBERG et al. v. FARMERS' GIN CO. et al.

## No. 3164.

Court of Civil Appeals of Texas. El Paso. March 7, 1935.

Rehearing Denied March 28, 1935.

D. J. Smith and F. C. Knollenberg, both of El Paso, for appellants.

Hal Haddix, of Fabens, and Potash & Cameron, of El Paso, for appellees.

WALTHALL, Justice.

Appellant Florence C. Knollenberg, joined by her husband, Fred C. Knollenberg, brought this suit against defendants, D. L. Stallings, Jack Spittlehouse, Farmers' Gin Company, a corporation, and A. L. Major, A. H. Cleaver, J. R. Barnes, and A. S. Barnett, the last-named four doing business under the firm name of Major, Cleaver & Co., to recover possession of five bales of cotton of the total market value of $330.12, each of the bales described by number, weight value per pound, and the total market value of each bale, and middling in grade and classification, all of which cotton, plaintiffs allege in their first count, defendants, without the knowledge of plaintiffs wrongfully, knowingly, willfully, and unlawfully took and converted to their use and benefit, and have failed to return to plaintiffs, and for the value of which plaintiffs sue.

In the second count plaintiffs sue the same parties, and allege that on May 22, 1931, and dates thereafter stated, defendant D. L. Stallings executed and delivered to plaintiff Mrs. Knollenberg, for money advanced to him as her tenant for the purpose of making a crop, his promissory notes, for $128, $50, $25, $25, and $50, all notes bearing interest, and providing for attorney fees if suit is brought and

on which notes the amount of $85.52 is alleged to have been paid.

That defendant D. L. Stallings and wife, Gladys Stallings, on May 22, 1931, executed and delivered to Mrs. Knollenberg their chattel mortgage on all the crops to be grown on said tract of land for that year, 1931, owned by Mrs. Knollenberg, and described in the mortgage, including said five bales of cotton grown on said land, and on said cotton plaintiffs asked foreclosure of said lien; that said cotton was delivered by said D. L. Stallings to defendant Farmers' Gin Company for the purpose of ginning and baling and preparing for market, and after ginned, upon demand, the gin tickets for said five bales were delivered to plaintiffs; that on or about November 15, 1931, said Farmers' Gin Company delivered said mortgaged cotton, upon the order of D. L. Stallings, but without the knowledge or consent of plaintiffs, to Jack Spittlehouse, who was acting for himself and for his co-defendants Major, Cleaver & Co., who removed said five bales of cotton from El Paso county.

Plaintiffs ask judgment for the amount due on said notes, and for the value of said five bales of cotton at the highest market value from the date above to the date of the trial, and for foreclosure of said lien.

Defendant D. L. Stallings answered by general denial, and specially that the cotton involved herein was his cotton, and not plaintiffs, raised on Mrs. Knollenberg's land, except 140 pounds, which was in ginning put in one of his bales. D. L. Stallings states that under his contract he was to pay all expenses and receive two-thirds of all cotton raised and one-half of other crops; that the only interest Mrs. Knollenberg had in said five bales was that of a mortgage from loans made defendant to help make said crop; denies that he converted said five bales; that what was done with the cotton was done with the full knowledge and consent of Mrs. Knollenberg some five days prior to his disposition of the cotton; that the crop was a failure and the price the lowest in many years; that he had to pay for the picking, weighing, and hauling to the gin, and requested Mrs. Knollenberg to advance the money for this purpose; this she declined to do but consented to putting the cotton "on call" with some cotton merchant who would bid the highest for it, and required of him to remit to her the full net price, etc.; defendant complied with such instruction and Jack Spittlehouse, buying for Major, Cleaver & Co., was the highest bidder,

three bales of said cotton were sold to said firm at 5.90 cents per pound, on which defendant received $90, and, after paying out $31.13 for picking, weighing, and hauling, he remitted the balance of $58.87 to Mrs. Knollenberg with statement showing and explaining the transaction; that later defendant delivered the two bales, Mrs. Knollenberg's share, and received $40 from which he paid the amount due for picking, weighing, and hauling, and, after taking therefrom the expense of $13.58, he remitted the balance of $26.42 to Mrs. Knollenberg, with statement.

Defendant prays that Mrs. Knollenberg take nothing for the cotton, and recover only what is justly due on said notes.

Defendant Jack Spittlehouse answered by general denial, and adopted the answers of defendants Stallings and Major, Cleaver & Co. The Farmers' Gin Company answered and by order of the court was dismissed and we need not state its answer.

Defendants Major, Cleaver & Co. answered by general denial and specially denied that the five bales of cotton were plaintiff's cotton, but that said cotton belonged to Stallings; that the value of said cotton was 5.90 cents per pound and the entire five bales not over $162.31; that defendants are cotton merchants, and on November 7, 1931, the five bales were on sale on call in the sales yard of the Farmers' Gin Company, and in possession of defendant Stallings, and defendants bought said cotton and paid the highest market price therefor of $130; that prior to buying said cotton defendant Stallings informed these defendants that Mrs. Knollenberg had consented to such arrangement and defendants believing same to be true acted on same as true, and through defendant Jack Spittlehouse bought said cotton.

Defendants say that Mrs. Knollenberg consented, prior to their transaction with Stallings, to his putting said five bales of cotton on call, and that she received the net proceeds of all the cotton in 1931, less the picking, weighing, and hauling expenses accruing on said cotton, with knowledge of the source of such process, same having been paid to her a day or two after the receipt of the advances from these defendants, and with such knowledge and with the money in her hands, plaintiffs took no action to stop the removal of said cotton from this county, and made no complaint concerning Stallings' transaction with defendants until months thereafter; hence defendants say that plaintiffs consented in advance to the putting of

said cotton on call, but ratified and confirmed Stallings' contract in doing so and the transactions with defendants.

Mrs. Knollenberg by special answer says she did not give defendant Stallings the right to put said cotton on call, and did not authorize him to sell said cotton, that no notice was ever given her of the cotton being on call or that the contract was made to dispose of said cotton as alleged; plaintiff further answered by general denial.

On special issues submitted the jury found: The five bales of cotton were worth 5.90 cents per pound at the time and place delivered; the highest market value of the cotton between the date on which Stallings delivered same and the date of the trial were 12 to 12½ cents per pound; Stallings did not place the five bales of cotton with Spittlehouse without the consent of Mrs. Knollenberg; the $58.87 received by Mrs. Knollenberg from Stallings about the 9th day of November, 1931, and the $26.42 received by Mrs. Knollenberg from Stallings about the 17th day of November, 1931, were each parts of the proceeds received by Stallings from the five bales of cotton; Mrs. Knollenberg had notice at the time she received the proceeds of the five bales of cotton (the $58.87 and the $26.42) the said sums of money were the proceeds of the five bales of cotton; Stallings represented to Spittlehouse that he (Stallings) had permission from Mrs. Knollenberg to place the five bales of cotton on call with Spittlehouse; Spittlehouse relied upon such representations made by Stallings; Spittlehouse was not guilty of gross negligence in accepting the five bales of cotton from Stallings without ascertaining the extent of the authority Stallings had to dispose of the cotton; Mrs. Knollenberg gave notice to Major, Cleaver & Co., and to Spittlehouse, prior to July 1, 1932, that she held liens on the cotton; Mrs. Knollenberg had notice that the five bales of cotton had been delivered to Spittlehouse for shipment to Major, Cleaver & Co. prior to the time the cotton was shipped from El Paso county.

On the verdict of the jury the court entered judgment in favor of each of the defendants, except Stallings, and as to Stallings the court entered judgment in favor of Mrs. Knollenberg and against Stallings for $268.24, the balance due on the notes, and for $8.26 for 140 pounds of cotton, with interest from the date of the judgment.

Plaintiffs have appealed from said judgment.

### Opinion.

The cause of action as made by the pleadings was to charge the defendants with gross negligence and willful and fraudulent conversion of mortgaged property.

The court, over objection, permitted the defendants to prove by several witnesses that the general reputation of Stallings and Spittlehouse in the locality in which they lived for truth and veracity, and for honesty and fair dealing, was good.

The issues upon which the evidence objected to could have any direct bearing were submitted by the court. They were issues numbered 3, 4, and 5. Issue No. 3 reads as follows: "Do you find from a preponderance of the evidence that the defendant Stallings placed the five bales of cotton in controversy 'on call' with the defendant Jack Spittlehouse without the consent of the plaintiff, Florence C. Knollenberg. Answer yes or no." To which the jury answered, "No."

To issues Nos. 4 and 5 the jury found that Mrs. Knollenberg had notice at the time she received the $58.87 and the $26.42 from Stallings that such sums of money were in fact the proceeds of the five bales of cotton after paying the expenses of picking, weighing, and hauling.

If Mrs. Knollenberg had given her consent to Stallings to put the five bales of cotton on call, and he had done so, and Spittlehouse, acting for defendants Major, Cleaver & Co., had bought the cotton while on call, we think a proper sale of the cotton would have been effected; or, if Mrs. Knollenberg with full knowledge that said five bales of cotton had been sold by Stallings to Spittlehouse, and, with full knowledge that such sale had been done without her consent, yet she had received the proceeds of such sale, in that event she would have ratified the sale and would be bound by it.

The issues as to Mrs. Knollenberg's consent to putting said five bales of cotton on call, and her receiving the money knowing that it was the proceeds of the sale of the cotton, were contested by the evidence. There is no question but that Mrs. Knollenberg had a mortgage lien on said cotton unless the lien was lost by reason of the matters stated. The result from the findings of the jury on the said issues were that Mrs. Knollenberg lost her lien on the five bales of cotton.

We think it was reversible error to admit the evidence as to the general reputation of Stallings and Spittlehouse for truth and veracity, and for honesty and fair dealing.

Without discussing the law that controls in the admission of such evidence, in this state, we need only to refer to the cases which clearly state the rule: Grant et al. v. Pendley et al. (Tex. Com. App.) 39 S.W.(2d) 596, 78 A. L. R. 638; Waggoman v. Fort Worth Well Machinery & Supply Co. (Tex. Sup.) 76 S.W. (2d) 1005; Fort Worth Well Mach. & Supp. Co. v. Waggoman et al. (Tex. Civ. App.) 52 S.W.(2d) 306; St. Louis, S. F. & T. Ry. Co. v. Barr (Tex. Civ. App.) 67 S.W.(2d) 1063, by this court, opinion written by Judge Higgins.

We need not discuss other propositions presented.

The case is reversed and remanded.

### On Motion for Rehearing.

In our opinion on the hearing we should have sustained the action of the trial court as to the Farmers' Gin Company, in dismissing it from the case, and not included that defendant in the reversal of the case. The Farmers' Gin Company's motion is sustained and the trial court's judgment is sustained as to it.

On a reinspection of the facts found by the jury we find that we were in error in saying in the opinion that Mrs. Knollenberg had notice that the five bales of cotton had been delivered to Spittlehouse for shipment to Major, Cleaver & Co. prior to the time said cotton was shipped from El Paso county. The jury found that she did not have such notice, and we make that correction.

The motion is otherwise overruled.